**LG ELECTRONICS, INC. Plaintiff,**

v.

**ASUSTEK COMPUTERS,
et al. Defendants.**

**No. CIV.A.00–983–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 22, 2000.

Nathan Wayne McCutcheon, Esquire, Morgan, Lewis n, Marks & Miller, Washington, DC, for Plaintiff.

David Henry Voorhees, Merek & Voorhees, Alexandria, Stephen Michael Hall, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, V. Rick Nishanian, Vanderpool, Frostick & Nishanian, Manassas, VA, for Defendants.

### Memorandum Opinion and Order

LEE, District Judge.

THIS matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue. Plaintiff, patent holder, a Korean-based computer technology company, brought this case for patent infringement against a Taiwanese-based manufacturer, its subsidiary, a California-based distributor, and a Virginia-based reseller. The California-based distributor purchases the alleged patent infringing motherboards from its Taiwanese parent company, incorporates the motherboards into its computers, then distributes the computers to several resellers, including the defendant reseller based in Virginia. Five issues are before this Court, whether to: (1) dismiss the patent infringement claim for failure to state a claim; (2) dismiss for failure to join parties; (3) dismiss for lack of standing; (4) dismiss for lack of personal jurisdiction; and (5) sever the resident defendant reseller and transfer the case to a different venue.

For the reasons stated in open court and below, this Court holds that (1) the Motion to Dismiss the patent infringement claim for failure to state a claim is DENIED; (2) the Motion to Dismiss for failure to join parties is DENIED; (3) the Motion to Dismiss for lack of standing is DENIED; (4) the Motion to Dismiss for lack of personal jurisdiction is DENIED; and (5) the Motion for Transfer of Venue is GRANTED.

### I. BACKGROUND

On June 15, 2000, Plaintiff LG Electronics, Inc. ("LGE") filed a patent infringement action against ASUSTeK Computers, Inc. ("Asustek"), ASUS Computer International, Inc. ("Asus"), and CBM Computers, Inc. ("CBM") (collectively "Defendants") arising from alleged patent infringing motherboards contained within Asus computer products. LGE owns six patents which it claims Defendants infringe upon when they make, ship, and sell specific computer technology: (1) U.S. Patent No. 4,918,645; (2) U.S. Patent No. 4,926,419; (3) U.S. Patent No. 4,939,641; (4) U.S. Patent No. 5,077,733; (5) U.S. Patent No. 5,379,379; and (6) U.S. Patent No. 5,892,509.

Plaintiff LGE is a corporation organized under the laws of the Republic of Korea and has its principal place of business in Seoul, Korea. Defendant Asustek is a corporation organized and existing under the

laws of Taiwan, with its principal place of business in Taiwan. Defendant Asus is a wholly-owned subsidiary of Asustek, organized under the laws of the State of California. Asus has its principal place of business in Newark, California. Defendant CBM is a small computer store allegedly authorized by Defendants Asustek and Asus to resell Asus computer systems. CBM is a corporation organized under the laws of Virginia, and has its principal place of business in Fairfax, Virginia.

Plaintiff's Amended Complaint alleges that "each defendant infringed one or more claims of the patents by making, selling, offering to sell, using or importing into the United States computer systems embodying the claimed inventions of the patents." (Am.Compl.¶¶ 17, 21, 25.) Defendants Asustek and Asus bring a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant CBM moves this Court to dismiss LGE's claims against it based on failure to state a claim, lack of standing, failure to join necessary parties, and lack of subject matter jurisdiction. Defendant CBM also moves this Court for separate trials in the event this Court grants the motion for change of venue. The contentions of the parties are summarized as follows.

Asustek and Asus' argument is three-fold. First, both Asustek and Asus argue that this Court may not assert personal jurisdiction over them because they lack minimum contacts with Virginia sufficient to fall within the reach of the Virginia long arm statute. *See* VA. CODE § 8.01–328.1A(4)(2000). Second, that it is unreasonable to require Asustek and Asus to litigate in Virginia. Third, and as an alternative to the motion to dismiss, Asustek argues that the Court should sever CBM's claims and transfer this action to the Northern District of California.

CBM makes four arguments. First, in support of its motion to dismiss for failure to state of claim, CBM argues that LGE's Amended Complaint has not set forth facts showing that CBM has engaged in acts of infringement. Second, in support of its motion to dismiss for lack of subject matter jurisdiction, CBM argues LGE fails to give the Court a prima facie basis to believe that patent rights are in question. Third, in support of its motion to dismiss for lack of standing, CBM argues that LGE, as a foreign corporation, lacks standing to sue CBM in federal court. Fourth, in support of its motion to dismiss for failure to join necessary parties, CBM argues that LGE's failure to join alleged assignees of the technology, Wang Laboratories, Inc. and LG Semicon Co., Ltd., is fatal to the action.

LGE argues that Asustek and Asus possess sufficient contacts with Virginia to satisfy the requirements for constitutional due process and Virginia's long arm statute. *See* VA. CODE § 8.01–328.1A(4). LGE asserts four arguments to support its contention. First, Asustek and Asus established an ongoing channel of distribution to market and ship its goods to distributors in Virginia, thereby establishing purposeful minimum contacts with Virginia. Second, this patent infringement case arises from CBM's sales of infringing products in Virginia. The sale of infringing products in Virginia is purposeful action sufficient to satisfy minimum contacts for in personam jurisdiction. Third, personal jurisdiction in Virginia is reasonable because Defendants' activities are directed at Virginia. Fourth, this Court has jurisdiction under Virginia's long arm statute because LGE's claims satisfy section 1 and 4 of the statute. LGE argues further that Defendants' have not met their burden of proof sufficient to justify a transfer of venue to the Northern District of California.

In response to CBM's claims, LGE argues that as a Korean corporation it has standing to file a claim in this Court for patent infringement under 28 U.S.C. § 1332(a)(2). LGE argues further that it has alleged a proper claim for patent in-

fringement in accordance with Form 16 of the Federal Rules of Civil Procedure. Finally, LGE argues that it is not required to join prior owners of the patents as parties in this action because LGE has acquired ownership of the patents.

## II. ANALYSIS

A. *Motion to Dismiss for Failure to State a Claim.*

On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true, and the complaint and its allegations considered in a light most favorable to the nonmoving party. *See Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A "motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Phonometrics, Inc., v. Hospitality Franchise Sys.,* Inc., 203 F.3d 790, 794 (Fed.Cir. 2000). A complaint is required to set forth the facts underlying and demonstrating the existence of a cause of action. Conclusive statements are insufficient. *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIV.2d § 1218 (1990).

■ To state a claim for patent infringement the plaintiff must allege that a person (1) without authority, (2) makes, uses, offers to sell, sells, or imports any patented invention within the United States, (3) during the term of the patent. *See* 35 U.S.C. § 271(a) (2000); *see also Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 989 F.Supp. 1237, 1249 (N.D.Cal.1997); *Beery v. Hitachi Home Elect.,* 157 F.R.D. 477, 480 (C.D.Cal. 1993). A patent owner need only plead facts sufficient to place the alleged infringer on notice. *See Phonometrics, Inc.,* 203 F.3d. at 794 (holding that the complaint placed the defendant on notice when it alleged ownership of the asserted patent, named the individual defendants, cited the patents that are allegedly infringed, described the means by which the defendants allegedly infringed the patents, and pointed to specific sections of the patent law invoked).

■ LGE's Amended Complaint sets forth facts sufficient to allege a patent infringement claim. First, LGE alleges that it owns all legal rights to the patents at issue, and CBM infringes such patents, thus satisfying the allegation that CBM is without authority to use the patents. (Am. Compl.¶¶ 15, 25.) Second, LGE alleges that CBM is making, selling, offering to sell, using, or importing into the United States computer systems embodying the claimed patents. (Am.Compl.¶ 15.) Third, LGE alleges the existence of the patents and CBM's infringement, which satisfies the allegation that the terms of the patents are still in existence. (Am. Compl. at ¶¶ 9–14, 25.) Under *Phonometrics, Inc.,* LGE's allegations in the Amended Complaint are sufficient to put Defendants on notice. Therefore, this Court denies Defendant CBM's motion to dismiss for failure to state a claim.

B. *Motion to Dismiss for Lack of Standing.*

■ CBM argues that LGE lacks standing to sue in federal court. Section 1332(a)(2) of the United States Code allows "citizens or subjects of a foreign state" access to district courts. *See* 28 U.S.C. § 1332(a)(2). "Section 1332(a)(2) applies to foreign entities of all kinds, so long as the entity is considered a juridical person under the law that created it." *See Cohn v. Rosenfeld,* 733 F.2d 625, 629 (9th Cir. 1984). LGE is organized under the laws of the Republic of Korea, and CBM does not dispute that LGE is a juridical person under such laws. Therefore, LGE has standing to bring suit within the United States District Court.

C. *Motion to Dismiss for Failure to Join Parties.*

■ CBM argues that LGE's failure to join prior assignees, Wang Laboratories,

Inc., and LG Semicon Co., Ltd., is fatal to the suit. Federal Rule of Civil Procedure 19 allows joinder of a party if (1) in the person's absence, complete relief cannot be accorded among the parties, or (2) the person claims an interest relating to the subject of the claim. *See* FED.R.CIV.P. 19(a), (b). The aforementioned prior assignees do not claim an interest in this matter, and this suit may accord the parties complete relief because LGE is the owner of the patents at issue. A patent owner may file suit against alleged infringers without joining prior assignees. *See, e.g., Duplan Corp. v. Deering Milliken Research Corp.,* 522 F.2d 809, 811–812 (4th Cir.1975); *Procter & Gamble Co. v. Kimberly–Clark Corp.,* 684 F.Supp. 1403, 1404 (N.D.Tex.1987). As previously discussed, LGE properly plead its ownership rights over the patents at issue. (Am. Compl.¶ 15.) Therefore, the prior assignees are not necessary parties in this suit.

D. *Motion to Dismiss for Lack of Personal Jurisdiction.*

■ A federal court should conduct a two-prong inquiry to determine whether personal jurisdiction exists over a nonresident defendant. First, it must determine whether the assertion of jurisdiction is consistent with the boundaries of constitutional due process. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed.Cir.1994). Second, a court must determine whether the applicable long arm statute confers personal jurisdiction over the defendants. *See id.* The parties do not dispute this Court's jurisdiction over CBM. CBM is subject to jurisdiction in Virginia as a resident of Virginia because CBM is incorporated in Virginia and has its principal place of business in Fairfax, Virginia. *See* 28 U.S.C. § 1400(b); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83

F.Supp.2d 689, 696 (E.D.Va.2000) (acknowledging that pursuant to 28 U.S.C. § 1400(b) personal jurisdiction exists in a jurisdiction where the defendant resides). In addition, due process allows this Court to exercise jurisdiction over Defendants Asus and Asustek.

1. *Boundaries of Constitutional Due Process.*

■ Jurisdiction over Asus and Asustek is within the boundaries of constitutional due process. The Federal Circuit recognizes personal jurisdiction over a nonresident defendant to be within the confines of due process if (1) that defendant purposefully directs its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) jurisdiction is constitutionally reasonable and fair. *See Akro Corp. v. Luker,* 45 F.3d 1541, 1545 (Fed.Cir.1995). As seen below, jurisdiction over Asustek and Asus satisfies all three criteria.

a. *Purposefully Directed Activities.*

■ Asustek and Asus purposefully directed their activities at Virginia. Under the stream of commerce theory, both Asus and Asustek have minimum contacts with Virginia sufficient to satisfy this prong. A defendant corporation purposefully directs its activities at a state if that corporation delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in such state. *See Beverly Hills Fan Co.,* 21 F.3d at 1565.

Defendant Asus distributes computers containing the infringing motherboards to various retailers in Virginia.[1] This Court reaches such conclusion based on the declaration that several Virginia retailers sell the Asus products at issue. (Susan Peterson Decl. ¶¶ 4–9.) Moreover, the facts

---

1. Asus maintains a home page on the Internet where a user may request the names of retailers in Virginia who distribute or sell Asus products. *See Asus Homepage* (visited Nov. 3, 2000) *<http://www.asus.com.tw.html>.* The site allowed Virginia consumers to locate resellers to purchase Asus products. *See Search for ASUSTek Business Partner,* (visited Oct. 27, 2000) *<http://www.asus.com.tw/register/merchandise/search.asp>.*

suggest that a continuing relationship exists between Asus and Virginia because the Virginia retailers could request more products from their Asus supplier in California at any time. (Susan Peterson Decl. ¶¶ 4–9.) This is sufficient to qualify Asus as placing the product into the stream of commerce with the expectation that such products will be purchased by consumers in Virginia. Asus supplies products to Virginia retailers upon request, and such targeting is sufficient to establish minimum contacts with Virginia.

Defendant Asustek distributes computers containing the infringing motherboards to Asus. Asustek argues that because Asustek delivers its products to Asus in Taiwan that Asustek does not have contact with Virginia or even the United States. This Court rejects such argument. Regardless of whether Asustek delivered the products in Taiwan or directly to Virginia, Asustek places the products into the stream of commerce with the expectation that Asus will further assemble the products, and distribute them throughout the United States. Such distribution's destination included retailers in Virginia. This court presumes that Asustek knew Virginia was a termination point of the distribution channel because Asus intentionally established a connection with Virginia retailers. *See, e.g., Beverly Hills Fan Co.,* 21 F.3d. at 1564. Asustek purposefully directed its activities at Virginia because it continued to supply goods to Asus with the presumed knowledge that they would arrive in Virginia.

b. *Relation of Claims to Activities.*

■ LGE's claims relate to Asustek and Asus' activities directed at Virginia. Selling, or making offers to sell, infringing products in the forum state is related to a claim of patent infringement significant to satisfy the "arising out of" and "relating to" prong of a due process test. *See 3D Systems, Inc. v. Aarotech Laboratories,* 160 F.3d 1373, 1379 (Fed.Cir.1998). LGE's Amended Complaint alleges that

Asus and Asustek offer to sell, and sell, Asus computers which contain the infringing motherboards. The motherboards are allegedly the same items which Asustek manufactures in Taiwan, sells to its subsidiary Asus, who in turn places them into computers and sells the computers to retailers in Virginia. Therefore, Asus and Asustek's contacts arise out of activities relating to this patent infringement case.

c. *Fair and Reasonable Exercise of Jurisdiction.*

■ Jurisdiction over Asustek and Asus is fair and reasonable. Where a defendant deliberately engages in significant activities within a state, or has created continuing obligations between himself and residents of that state, jurisdiction is reasonable because the defendant has manifestly availed itself of the privilege of conducting business within that jurisdiction. *See Burger King v. Rudzewicz,* 471 U.S. 462, 471–476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). It is presumptively reasonable to require such defendant to submit to the burdens of litigation in that state because his activities are shielded by the benefits and protections of that state's laws. *See id.* at 476, 105 S.Ct. 2174.

Jurisdiction is also fair and reasonable because Virginia has an interest in hearing this dispute. Virginia has an interest in discouraging injuries that occur within the state. *See, e.g., Beverly Hills Fan Co.,* 21 F.3d at 1568. In addition, Virginia has a substantial interest in cooperating with other states to provide a forum for efficiently litigating a cause of action. *See id.* Even though Asus has its headquarters in California and Asustek in Taiwan, as discussed above, they deliberately engaged in business within Virginia. Therefore, they manifestly availed themselves of the privilege of conducting business in Virginia. Under *Burger King,* it is presumptively reasonable to require Asus and Asustek to submit to the burdens of litigation in Virginia because Virginia protects and shields their activities. *See id.* at 476, 105 S.Ct.

2174. Asustek and Asus failed to rebut such presumption; therefore, this Court holds it is reasonable for this Court to have jurisdiction over claims against them.

## 2. *Virginia Long Arm Statute.*

■ Section 4 of Virginia's long arm statute confers personal jurisdiction over Asustek and Asus. Federal courts must apply the relevant state statute when determining whether it has personal jurisdiction over a defendant. *See* FED.R.CIV.P. 4(e)(f). Virginia's long arm statute provides, in pertinent part:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

.     .     .     .     .

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

VA. CODE § 801–328A(4). Section 4 of Virginia's long arm statute affords a court personal jurisdiction over a defendant in cases where an out-of-state defendant ships goods which infringe a patent to a distributor for sale in Virginia. *See Beverly Hills Fan Co.*, 21 F.3d at 1569–71. The place of injury for a patent infringement claim is the location where an infringing product is sold or offered to be sold. *See id.* at 1571. An out-of-state defendant who ships infringing goods into Virginia causes a tortious injury in Virginia. *See id.* The substantial revenue element is satisfied if a plaintiff's allegations show that the defendant makes ongoing and continuous shipments of an infringing product into Virginia. *See id.*

In this case, Asus and Asustek derived substantial revenue from the alleged patent infringement which caused tortious injury to LGE in Virginia. Under *Beverly Hills Fan Co.*, Asustek is subject to Virginia's long arm statute as a foreign manufacturer who sells infringing goods to an out-of-state distributor, who in turn sells to retailers in Virginia. In addition, this Court infers that by Asustek making ongoing and continuous shipments of the infringing product to Asus that arrive in Virginia, that Asustek derives substantial revenue from such activity. *See id.* Likewise, Asus is subject to Virginia's long arm statute as an out-of-state distributor that sells patent-infringing items to retailers in Virginia. Asus also admits to receiving revenue of approximately three quarters of one percent of its total annual sales for the period in question. (Ivan Ho Decl. ¶ 6.) Such is sufficient to constitute substantial revenue. *See Beverly Hills Fan Co.*, 21 F.3d at 1571 (citing *Ajax Realty Corp. v. J.F. Zook, Inc.*, 493 F.2d 818, 821 (4th Cir.1972) (where a one-time sale met the substantial revenue requirement when it yielded gross revenue of $37,000 representing one-half of one percent of defendants total sales)). Therefore, both Asustek and Asus' contacts qualify as minimum contacts under Virginia's long arm statute.

## E. *Motion for Transfer of Venue.*

■ When jurisdiction in a transferee district is not proper for a defendant who is only indirectly connected to the main claims, the transferor court may sever the claims as to that defendant, and transfer the remaining claims to a more convenient district pursuant to 28 U.S.C § 1404(a). *See Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 664 (E.D.Va.1998). Such action is appropriate only when: (1) the severed claim is peripheral to the remaining claims; (2) adjudication of the remaining claims potentially disposes of the severed claim; and (3) § 1404(a) warrants transfer of the remaining claims. *See id.* at 665. The facts of this case satisfy all three criteria.

## 1. *Peripheral Claims.*

■ LGE's claims against Virginia resident reseller CBM are peripheral to its

claims against Asustek and Asus. LGE directs its substantive claim for patent infringement at manufacturer Asustek and central distributor Asus. Asustek and Asus manufacturer and distribute infringing computer systems incorporating motherboards which allegedly infringe upon LGE's patents. LGE also joins CBM. CBM is based in Virginia, and allegedly resells the products manufactured and distributed by Asustek and Asus.

A patent infringement claim against a distributor is peripheral to a claim against the manufacturer. *See Corry*, 16 F.Supp.2d at 665–66; *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F.Supp. 970, 972 (N.D.Ill.1973). In *Corry*, the court held that a distributor's involvement was peripheral to the case at issue because the distributor was secondarily involved, did not manufacture the alleged infringing device, and would be liable only if the manufacturer was liable. *See Corry*, 16 F.Supp.2d at 665. Unlike *Corry*, in this case CBM is a reseller as opposed to a distributor. Nonetheless, the persuasive reasoning in *Corry* supports a finding that LGE's claims against the reseller are peripheral to the claims against manufacturer Asustek and central distributor Asus. CBM is only secondarily involved as a reseller of Asus products. The central allegation is that Asustek and Asus manufacture, assemble, and distribute the patent-infringing motherboards and computer products containing the motherboards. CBM merely resells these infringing products. Thus, CBM would only be liable for selling the infringing products if a court were to find that Asustek and Asus infringed LGE's patents. *See Intel Corp. v. ULSI System Technology Inc.*, 995 F.2d 1566, 27 U.S.P.Q.2d. 1136, 1138–39 (Fed. Cir.1993); *Corry*, 16 F.Supp.2d at 665. Under *Corry*, LGE's claims against CBM are peripheral.

The thrust of this case demonstrates that LGE's claims against CBM are peripheral to the central issues of the lawsuit. The object of the lawsuit is to secure LGE's intellectual property rights and to enjoin the manufacturing, use, and sell of products in derogation of LGE's patent rights. Ultimately, the infringement claim against the manufacturer and central distributor is more likely to restore contested property rights *nationwide* than will enjoining one Virginia merchant from selling infringing products from existing inventory. Therefore, LGE's claims against CBM as a reseller are peripheral to the main patent infringement claim against manufacturer Asustek and central distributor Asus.

### 2. Adjudication's Potential Disposal of Claims.

Adjudication of LGE's patent infringement claim against Asustek and Asus will dispose of any claim against CBM. As a reseller of the patented products at issue, CBM would only be liable if a court were to find Asustek and Asus liable. *See generally Corry*, 16 F.Supp.2d at 665. If the court does find them liable, and allows LGE to collect royalties from Asustek and Asus, LGE cannot then in turn collect royalties from the entity to whom the infringer sells the product. *See Intel Corp.*, 995 F.2d 1566, 27 U.S.P.Q.2d at 1138. On the other hand, if the court holds that Asustek and Asus did not infringe LGE's patent, LGE has no case against CBM for reselling such products. Adjudication of Asustek and Asus' claims will dispose of the claim against CBM. CBM's presence as a party neither adds nor detracts from LGE's patent infringement claims against Asus and Asustek.

### 3. Transfer of Claims under 28 U.S.C. § 1404(a).

The transfer of claims against Asustek and Asus is appropriate under § 1404(a). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a). The decision whether to trans-

fer an action under § 1404(a) is within the sound discretion of the court. *See Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir.1956); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 696 (E.D.Va.2000); *GTE Wireless, Inc. v. Qualcomm*, 71 F.Supp.2d 517, 518 (E.D.Va.1999).

Asustek asserts that the Court should transfer LGE's claims against Asustek and Asus to the Northern District of California. Therefore, the Court must make two inquiries: (1) whether suit could have been brought in the Northern District of California, and (2) whether the interest of justice and the convenience of the parties justify transfer to the Northern District of California. *See Corry*, 16 F.Supp.2d at 666.

LGE's claims against Asus and Asustek could have been brought in California. A plaintiff must be able to bring a civil action in a particular district's jurisdiction before a court may properly transfer the action to such district. *See* 28 U.S.C. § 1404(a). A court has personal jurisdiction over a defendant if the defendant resides in that jurisdiction. *See* 28 U.S.C. § 1400(b); *Cognitronics Imaging Sys., Inc.*, 83 F.Supp.2d. at 696 (acknowledging that personal jurisdiction exists in a jurisdiction where defendant resides pursuant to 28 U.S.C. § 1400(b)). In this case, the Northern District of California would have proper jurisdiction over Asus. Asus resides in California because it is incorporated in California and has its principal place of business in the Northern District of California. *See* 28 U.S.C. § 1400(b). Therefore, LGE could have brought a claim against Asus in the Northern District of California.

LGE could have brought a claim against Asustek in the Northern District of California. Even though Asustek does not reside in California, a court may exercise specific jurisdiction over a nonresident defendant if permissible by the state in which the federal court is located. *See, e.g., Affinity Memory & Micro, Inc. v. K & Q,* *Enterprises, Inc.*, 20 F.Supp.2d. 948, 951 (E.D.Va.1998). California's long-arm statute permits a court to exercise personal jurisdiction over a nonresident defendant to the full extent permissible by the United States Constitution. *See* CAL.CODE.CIV. PROC. § 410.10 (2000). As explained earlier, the Constitution permits specific jurisdiction over a defendant when (1) that defendant directs its activities to the forum, (2) plaintiff's claim arises out of defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Akro Corp.*, 45 F.3d at 1545. The Northern District of California may exercise personal jurisdiction over Asustek. First, Asustek purposefully directed its activities at the Northern District of California because it incorporated its subsidiary, Asus, in Newark California for the purpose of distributing its products. Second, the products sent to Newark California are the products at issue that allegedly infringe LGE's patent. Third, jurisdiction is reasonable because Asustek purposefully availed itself of the privilege of conducting activities in Newark California. Therefore, the Northern District of California would have proper jurisdiction over Asustek.

In a patent infringement action, "the preferred forum is that which is the center of the accused activity ... 'the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" *GTE Wireless, Inc.*, 71 F.Supp.2d at 519 (citation omitted). Ultimately, a court must balance certain factors to determine if transfer of venue is appropriate. Factors a court should consider include: (1) the plaintiff's original choice of forum, (2) convenience of the parties and witnesses, and (3) the interest of justice, which encompasses all those factors unrelated to witness and party convenience. *See id.* When "a plaintiff chooses a foreign forum, and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to

... substantial weight." *Cognitronics Imaging Sys., Inc.,* 83 F.Supp.2d at 696.

The balance of factors weighs in favor of transferring venue to the Northern District of California. First, LGE's choice of Virginia as a venue is given little weight because neither it nor this case bears a relation to Virginia. Second, many of the witnesses are in California. Specifically, Asus' officers and employees, who are likely to testify, are in California. No witnesses or documents necessary to defend the action are located in Virginia. Third, the interest of justice warrants a transfer to the Northern District of California. Such district is familiar with at least one of the patents at issue because it previously rendered a claim construction concerning one of the patents at issue in this case. *See OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.,* No. 97–20310 SW (N.D.Cal. July 19, 1999). Therefore, the balance of the factors weighs in favor of transferring the case to the Northern District of California.

## III. CONCLUSION.

The Court holds that LGE has properly pled a claim for patent infringement, and LGE has standing to sue in federal court as the owner of the patents and a juridical body under the laws of the Republic of Korea. LGE need not join former assignees of the patent at this time because LGE asserts ownership of the patents in its Amended Complaint. Moreover, this Court has personal jurisdiction over Asustek and Asus because jurisdiction does not violate due process, and Virginia's long arm statute reaches their actions. Nonetheless, the facts of this case indicate that Defendants Asustek and Asus' motion for severance and transfer is appropriate. LGE's claim against CBM, as a reseller, is peripheral to the remaining claims in this case. Second, adjudication of the claims against Asustek and Asus will dispose of any claim against CBM. Third, the Court has the power to transfer LGE's claims against Asustek and Asus under § 1404(a) because LGE could have brought claims against them in the Northern District of California, and the balance of the factors weighs in favor of a transfer of venue. For the foregoing reasons, it is hereby

ORDERED that Defendant CBM's motion to dismiss for failure to state a claim is DENIED;

ORDERED that Defendant CBM's motion to dismiss for failure to join parties is DENIED;

ORDERED that Defendant CBM's motion to dismiss for lack of standing is DENIED;

ORDERED that Defendants Asustek and Asus' motion to dismiss for lack of personal jurisdiction is DENIED; and

ORDERED that Defendants Asustek and Asus' motion for transfer of venue is GRANTED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

### *Order*

THIS matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue. This Court heard oral arguments on November 17, 2000, and for the reasons stated in the attached Memorandum Opinion and Order dated December 22, 2000, it is hereby

ORDERED that Defendant CBM's motion to dismiss for failure to state a claim is DENIED;

ORDERED that Defendant CBM's motion to dismiss for failure to join parties is DENIED;

ORDERED that Defendant CBM's motion to dismiss for lack of standing is DENIED;

ORDERED that Defendants Asustek and Asus' motion to dismiss for lack of personal jurisdiction is DENIED; and

ORDERED that Defendants Asustek and Asus' motion for transfer of venue is GRANTED.