**BROWN MANUFACTURING CORP., Plaintiff,**

v.

**ALPHA LAWN & GARDEN EQUIPMENT, INC., et al., Defendants.**

**No. CIV.A. 2:02CV255.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 29, 2002.

David Neal Anthony, Kristan Boyd Burch, Kaufman & Canoles PC, Norfolk, VA, Edward Joel Kessler, Sterne, Kessler, Goldstein & Fox, Washington, DC, Stephen Edward Noona, Kaufman & Canoles, PC, Norfolk, VA, for Plaintiff.

Benjamin Sorrells Boyd, Susan Holmes Pope, Piper Rudnick, LLP, Washington, DC, for Defendants.

## OPINION AND ORDER ON DEFENDANT PORTER'S MOTION TO DISMISS AND ON DEFENDANTS' MOTION TO TRANSFER

MORGAN, District Judge.

### PROCEDURAL AND FACTUAL BACKGROUND

This matter comes before the Court on Defendant Roger D. Porter's Motion to Dismiss for Lack of Personal Jurisdiction. Also before the Court is Defendants' Motion to Transfer Claims Against E–Z Trench, Inc. and Burroughs Sprayer Manufacturing, Inc., to the District of South Carolina and to Sever and Stay Claims against the Remaining Defendants. The Court held a hearing on the motions on August 22, 2002 and granted both motions from the bench. This Order sets forth more completely the Court's reasoning.

Plaintiff filed its complaint with the Alexandria Division of this Court in April 2002, and it was thereafter transferred to the Norfolk Division in accord with this Court's established rotation system. With the exception of Mr. Porter, all the Defendants have filed their answer. Mr. Porter filed a motion to dismiss in lieu of an answer.

Plaintiff, Brown Manufacturing Corporation, of Ozark, Alabama, owns patents 5,226,248 & 5,355,597 (the '248 patent and the '597 patent) which relate to a trenching machine that defines the separation of lawn sod from shrubbery or flower beds. Brown manufactures these trenching machines for sale primarily throughout the southeastern United States. A trench between shrubbery beds and grass areas provides a clear separation of these beds from the remainder of the landscape. The unique feature that distinguishes the Plaintiff's trenching machine is its ability to dig a trench which has a vertical face and a sloping face (existing mechanized trenchers provide a vertical face on both sides of the trench).

The Plaintiff alleges that certain other trenching machines known as the Bedscaper Models EZ 8000 & BE 300 infringe the '248 patent and the '597 patent. Plaintiff, therefore, brought suit against the Bedscaper's manufacturer, marketer (and the sole owner of the marketer), distributer, and two retail outlets. Plaintiff asks this Court to declare that Defendants have infringed upon the patents, enjoin the Defendants from future infringement, award treble damages for past infringement, and compensate Plaintiff for its attorneys fees and costs.

There are six Defendants as follow:

- Burroughs Sprayer Manufacturing, Inc., of Loris, South Carolina (manufactures the Bedscaper);
- E–Z Trench, Inc., of Loris, South Carolina (markets the Bedscaper);
- Roger D. Porter, an individual living in Loris, South Carolina (sole owner and officer of E–Z Trench, Inc.);
- Stull Enterprises, Inc. of Beltsville, Maryland (alleged distributer of the Bedscaper);
- Alpha Lawn and Garden, Inc., of Falls Church, Virginia (alleged retail seller of the Bedscaper); and,
- Belmont Power Equipment, Inc., of Newington, Virginia (alleged retail seller of the Bedscaper).

The Defendants allege that Plaintiff is the dominant manufacturer and/or distributor of garden bed shaping and trenching devices in the Southeast United States (Answer paragraph 76). The Defendants further allege that E–Z Trench competes directly with products manufactured by the Plaintiff (Answer paragraph 77). The Defendants suggest that Plaintiff brought this litigation to maintain Brown Manufacturing's dominant market share and to prevent E–Z Trench from continuing to grow as a viable and healthy competitor (Answer paragraphs 80 & 82). Because very little discovery, if any, has been conducted, there is little evidence before the Court other than the pleadings.

**OPINION**

*A. Defendant Porter's Motion to Dismiss*

■ When a court's personal jurisdiction is properly challenged by a Fed. R.Civ.P. 12(b)(2) motion, the jurisdictional question raised is one for the judge, with the burden on the Plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence. However, when the Court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the Plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the Court must construe all relevant pleading allegations in the light most favorable to the Plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *See, Hardee's Food v. Beardmore*, 169 F.R.D. 311, 313 (E.D.N.C.1996).

■ The Court has construed the pleading allegations in the light most favorable to the Plaintiff. Mr. Porter is an individual who resides in Loris, South Carolina (Complaint paragraph 7). He is the sole and exclusive owner and officer of E–Z Trench (Complaint paragraph 63). E–Z Trench is presently selling and/or offering to sell the Bedscaper within the Eastern District of Virginia (Complaint paragraphs 43 & 48). Mr. Porter exercises exclusive control over the company (Complaint paragraph 63)[1]. Indeed, E–Z Trench is a corporation that acts as the alter ego of Mr. Porter (Complaint paragraph 74). E–Z Trench marketed the Bedscaper in the Eastern District of Virginia on the instructions of Mr. Porter (Complaint paragraphs 63, 64 & 69). Porter's actions infringed the Plaintiff's '248 and '597 patents and this infringement on Porter's part was deliberate and willful (Complaint paragraphs 65 & 70). These allegations in the Complaint, together with allegations specific to E–Z Trench found elsewhere in the Complaint but not enumerated here, make a *prima facie* showing of a sufficient jurisdictional basis with respect to E–Z

---

**1.** The Defendants have filed a declaration from Mr. Porter's wife which refutes the Plaintiff's claim that Mr. Porter is the sole owner of E–Z Trench.

Trench.[2] More is required, however, to reach Mr. Porter. The substantive law in this regard will be that of Virginia.

In situations where a business itself violates the law, Virginia law provides two means for finding that an individual associated with the corporation is personally liable. First, a corporate director, officer or employee can be held personally liable if that person actively participates in the commission of illegal conduct. Second, a shareholder can be held personally liable if that person controls or uses the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage (only "an extraordinary exception" will justify disregarding the corporate entity). These standards, which are known as the "active participation" and "piercing the corporate veil" standards are discussed in *Greenberg v. Commonwealth, ex rel. Attorney General Virginia*, 255 Va. 594, 499 S.E.2d 266 (1998).

The inadequacies in the Plaintiff's Complaint regarding Defendant Porter arise in connection with the elements that the Virginia Supreme Court described in *Greenberg*. These elements are essential to the personal jurisdiction inquiry for Defendant Porter because the relevant provisions in the Virginia long arm statute, Va. Code Ann. § 8.01–328.1(A)(3) & (A)(4), depend upon the existence of a tort to establish personal jurisdiction. The Plaintiff's Complaint, therefore, must adequately allege the *Greenberg* elements, which go beyond the allegations Plaintiff made relative to E–Z Trench. If Plaintiff's Complaint makes an inadequate showing regarding the *Greenberg* elements then the Complaint's failure to make *prima facie* allegations of a tort put Defendant Porter outside the reach of the Virginia long arm statute. Even when the pleading allegations in the instant case are construed in the light most favorable to the Plaintiff, the Plaintiff's allegations in relation to the *Greenberg* elements are too conclusory and contain too few facts to make out a *prima facie* tort case against Mr. Porter. The "active participant" allegations set forth in the Complaint are wholly conclusory and the "piercing the corporate veil" passages in the Complaint lack any allegations of fraud, crime and the like. The Plaintiff tacitly acknowledges these shortcomings at page two of its opposition brief ("the record is not yet clear regarding Porter's use of E–Z Trench or the extent of his control over the company" & "the record is bereft of information regarding Porter's potential

**2.** "[T]he 'tort' of patent infringement occurs where the offending act is committed and not where the injury is felt". *North American Philips Corp. v. American Vending*, 35 F.3d 1576, 1579 (D.C.Cir.1994). Because the "tort" is defined at 35 U.S.C. section 271(a) to include "making, using, or selling of an infringing article", *id.*, it would appear that a wide range of locations (to include the Eastern District of Virginia) could legitimately be argued as the site for the tortious conduct in the instant case. The Virginia long arm statute, Va. Code Ann. § 8.01–328.1(A)(3) extends jurisdiction to a person who causes "tortious injury by an act or omission in this Commonwealth". § 8.01–328.1(A)(4) extends jurisdiction to a person who causes "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth". The allegations concerning E–Z Trench would be compatible with one or both of these provisions in the Virginia long arm statute. *See also, LG Electronics v. Asustek Computers*, 126 F.Supp.2d 414, 421 (E.D.Va. 2000) (analyzing Virginia long arm statute in a patent infringement case). Finally, the allegations regarding E–Z Trench are sufficient to establish the "minimum contacts" for constitutional purposes, as required by the Due Process Clause. *See, English & Smith v. Metzger*, 901 F.2d 36, 39 (4th Cir.1990); *see also Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052, 1057–58 (4th Cir.1983).

deceptive use of E–Z Trench for personal benefit"). Because very little discovery, if any, has been conducted, Plaintiff may not have been able to access the evidence that might be used to overcome its problems in this regard. Accordingly, the Court will grant Defendant Roger D. Porter's Motion to Dismiss for Lack of Personal Jurisdiction, without prejudice, granting Plaintiff leave to amend the Complaint within time limits fixed by the transferee Court.

### B. The Remaining Defendants' Motion to Transfer, Sever and Stay

■ The Court now turns to Defendants' Motion to Transfer Claims Against E–Z Trench, Inc. and Burroughs Sprayer, Manufacturing, Inc., to the District of South Carolina and to Sever and Stay Claims against the Remaining Defendants.

As a threshold matter in a 28 U.S.C. § 1404(a) ruling, the Court must determine whether this suit could have been brought by the Plaintiff in the proposed transferee forum, the District of South Carolina. As the Defendants acknowledge at page 5 of their brief in support of the Motion to Transfer, the South Carolina forum would have jurisdiction over Defendants E–Z Trench and Burroughs Sprayer Manufacturing. It is unclear whether the South Carolina forum could exercise personal jurisdiction over Defendants Alpha Lawn & Garden, Belmont Power Equipment, and Stull Equipment. However, this issue is of lesser weight because the claims associated with those Defendants are peripheral to the claims that lie at the heart of this case—that the design and manufacture of the Bedscaper infringed on Plaintiff's patents. See, e.g., LG Electronics v. Asustek Computers, 126 F.Supp.2d 414, 424 (E.D.Va.2000) (Court transferred patent infringement case to the location where the accused goods were manufactured and severed Defendant reseller over whom the receiving forum could not obtain

jurisdiction—reseller was "peripheral to the remaining claims in this case").

Once it has been established that the transferee forum may exercise personal jurisdiction relative to the principal Defendants, the Court's decision on the Motion to Transfer is guided by the legal standard from the case of GTE Wireless v. Qualcomm, 71 F.Supp.2d 517 (E.D.Va.1999). There, the Court described the legal standard as follows:

> The decision whether to transfer an action is committed to the sound discretion of the district court. See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir.), cert. denied, 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956). In examining a motion to transfer venue under § 1404(a), the Court must consider the following factors: plaintiff's choice of venue, which is entitled to substantial weight; convenience of the parties and witnesses; and, the interests of justice, which is intended to encompass all those factors unrelated to witness and party convenience. Hester Industries, Inc. v. Stein, Inc., 1996 WL 710835 (E.D.Va.1996). The interest of justice factors include such circumstances as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment." Id. (quoting Bd. of Trustees v. Baylor Heating and Air Conditioning, 702 F.Supp. 1253, 1260 (E.D.Va. 1988)).

71 F.Supp.2d at 518.

Defendants have two powerful arguments that favor transfer of this case. First, production of the Bedscaper occurs exclusively in South Carolina. The Court

in *GTE Wireless v. Qualcomm* held that "[i]n a patent infringement action, as a general rule the preferred forum is . . . the hub of activity centered around its production". 71 F.Supp.2d at 519. As the Defendants argue in their brief, the infringement claims against E–Z Trench and Burroughs—the parties that design, manufacture and market the allegedly infringing products—are the heart of this litigation. Enjoining a few downstream Virginia merchants from selling the products is clearly secondary to Brown's assertion of its rights against the source of the products, E–Z Trench and Burroughs. Second, other than its interest in retail sales of the Bedscaper in Falls Church and Newington, the Plaintiff has little connection to the Eastern District of Virginia. In *GTE Wireless v. Qualcomm,* the Court held that "[w]hen a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." *Id.* That Court found that Plaintiff's arguments based on retail sales in the forum were not persuasive. *See also, LG Electronics v. Asustek Computers,* 126 F.Supp.2d 414, 421 (E.D.Va.2000). In oral argument, counsel for the Plaintiff indicated there were three entities in the Norfolk Division of this Court which retailed the offending product and could be joined as Defendants. He also represented that Alexandria Division retailers were selected as that Division was more centrally located. The inclusion of retailers as an element of forum shopping further diminishes the weight to which the Plaintiff's forum selection is entitled.

Accordingly, the Court **ORDERS** the claims against E–Z Trench and Burroughs Sprayer Manufacturing transferred to the United States District Court for the District of South Carolina and **ORDERS** severed and stayed the patent infringement claims against Stull Enterprises, Alpha Lawn & Garden, and Belmont Power Equipment. It further **ORDERS** this case removed from the active docket of this Court until further order of this or another appropriate Court.

### ORDER

For the above stated reasons, Defendant Roger D. Porter's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**, without prejudice. Plaintiff shall have leave to amend its Complaint as to Mr. Porter in the transferee Court, within such time as may be fixed by the transferee Court. Defendants' Motion to Transfer Claims Against E–Z Trench, Inc. and Burroughs Sprayer Manufacturing, Inc., to the District of South Carolina and to Sever and Stay Claims against the Remaining Defendants is **GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.