**GTE WIRELESS, INC. Plaintiff.**

v.

**QUALCOMM, INC. Defendant.**

**No. CIV.A. 3;99CV460.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 1, 1999.

Brian Charles Riopelle, McGuire, Woods, Battle & Boothe, Richmond, Robert F. Ruyak, Howrey & Simon, Washington, DC, Leonard C. Suchyta, GTE Service Corp., Intellectual Property, Irving, TX, for GTE Wireless, Incorporated, plaintiffs.

Thomas Marshall Wolf, Mezzullo & McCandlish, Richmond, Lloyd R. Day, Jr., Day Casebeer Madrid Winters & Batchelder LLP, Cupertino, CA, for Qualcomm, Inc., defendants.

## *MEMORANDUM OPINION*

SPENCER, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Transfer Venue to the District Court for the Southern District of California (San Diego), pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, the Court hereby GRANTS the motion.

### I. BACKGROUND

GTE Wireless, Inc. ("GTE") filed this patent suit on June 29, 1999, alleging that Qualcomm, Inc. ("Qualcomm") infringes U.S. Patent No. 4,916,728 ('728 patent) by selling and offering for sale wireless telephones that allegedly practice the patented technology. (Plaintiff's Complaint at ¶ 21.) Qualcomm filed its Answer to GTE's Complaint on July 22, 1999, denying that it infringes the claims of the '728 Patent, and seeking a declaratory judgment of non-infringement, invalidity, and unenforceability. (Defendant's Answer and Counterclaim.)

Plaintiff GTE is a corporation organized under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. (Plaintiff's Complaint at ¶ 11.) GTE, whose Virginia headquarters are located in Richmond, Virginia, is a subsidiary of GTE Corporation which is a organized under the laws of New York. (Plaintiff's Complaint at ¶ 11.) Defendant Qualcomm is a corporation organized under the laws of Delaware with its principal place of business in San Diego, California. (Plaintiff's Complaint at ¶ 12.) Both companies make and sell cellular telephones for distribution throughout the United States.

The '728 patent, the subject of the underlying patent infringement suit, relates to the identification, processing, and selection of frequencies used by a cellular telephone to communicate with cellular service providers, and the display of status information associated with the frequencies available. (Plaintiff's Complaint at ¶ 2.) In connection with the cellular service it provides, every cellular service provider broadcasts a unique System Identification Code ("SID") over its assigned frequency set. (Plaintiff's Complaint at ¶ 5.) The '728 patent allows a subscriber's home cellular service provider to block SIDs of competing service providers, thus affording an extensive economic business advantage to GTE. (Plaintiff's Response at 3.)

GTE alleges that Qualcomm is currently practicing the claimed invention of the '728 patent by selling and offering for sale cellular telephones containing the negative SID feature. (Plaintiff's Response at 3.) GTE alleges that sales and use of Qualcomm cellular telephones containing the negative SID feature in Virginia by third parties represents infringement in this jurisdiction, resulting in an economic disadvantage to GTE in this region. (Plaintiff's Response at 4.)

Qualcomm now seeks to transfer this case to the Southern District of California on the grounds that (1) all likely Qualcomm and third-party employee witnesses live and work in San Diego; (2) the telephones accused of infringement are designed, tested, manufactured and sold in San Diego; (3) GTE conducts more wireless business in San Diego than in Virginia, and finally, (4) GTE has little cognizable interest in litigating in Virginia. (Defendant's Memorandum of Points and Authorities in Support of Motion to Transfer Venue ("Motion to Transfer Venue") at 1–2.)

### II. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer an action is committed to the sound discretion of the district court. *See, e.g., Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945

(1964); *Southern Ry. Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.), *cert. denied,* 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956). In examining a motion to transfer venue under § 1404(a), the Court must consider the following factors: plaintiff's choice of venue, which is entitled to substantial weight; convenience of the parties and witnesses; and, the interests of justice, which is intended to encompass all those factors unrelated to witness and party convenience. *Hester Industries, Inc. v. Stein, Inc.,* 1996 WL 710835, 40 U.S.P.Q.2d 1844, 1846 (E.D.Va.1996). The interest of justice factors include such circumstances as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment." *Id.* (quoting *Bd. of Trustees v. Baylor Heating and Air Conditioning,* 702 F.Supp. 1253, 1260 (E.D.Va.1988)).

## A. Plaintiff's Choice of Forum

■ The party challenging venue has the burden of demonstrating that venue is improper. *Id.* at 1846. Additionally, the plaintiff's choice of forum is entitled to substantial weight, and should be abandoned only if the defendant can show that it is "clearly outweighed by other factors." *Id.* (quoting *Bd. of Trustees,* 702 F.Supp. at 1256). The weight given the plaintiff's choice varies in proportion to the connection between the forum and the cause of action. Thus, a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum. *Id.* When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.

1. GTE provides cellular service to approximately 350,000 customers in Virginia resulting in $150 million annual revenue. (Plaintiff's Response at 6–7.)

2. Defendant asserts that QPE is a "third party" witness for purposes of assessing the convenience of the parties. (Defendant's Reply

*See Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 589 (E.D.Va.1992).

GTE argues that its choice of forum should be given substantial weight because Qualcomm sells and offers for sale patent-infringing cellular telephones in Virginia. (Plaintiff's Opposition to Defendant's Motion to Transfer Venue ("Plaintiff's Response") at 5.) Further, GTE maintains that both GTE and Qualcomm conduct substantial retail business in Virginia[1], and that Qualcomm is registered to conduct business in Virginia. (Plaintiff's Response at 5.) Despite these facts, however, the Eastern District of Virginia is not Plaintiff's home forum and thus Plaintiff's choice of forum will not be given dispositive deference.

## B. Preferred Forum in Patent Actions and Convenience of the Parties

■ In a patent infringement action, as a general rule "the preferred forum is that which is the center of the accused activity .... 'The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" *Santrade Ltd. v. Berndorf ICB International Conveyor Belts, Inc.,* 1992 WL 470482, *2 (D.S.C.1992)(quoting *AMP Incorporated v. Burndy of Midwest, Inc.,* 340 F.Supp. 21, 24–25 (N.D.Ill.1971).) Here, the central issues concerning the accused activity revolve around the cellular phones which are designed and manufactured in San Diego. The Defendant has identified critical witnesses who live and work in San Diego that are relevant to the research, development, design, testing, manufacture and sale of the telephones. (Motion to Transfer Venue at 2.) Qualcomm Personal Electronics[2] ("QPE"), a California partnership

at 11.) While not relevant to the Court's decision, the Court has determined that QPE is a "party" witness. Qualcomm owns 51% of QPE, the remainder of which is owned by Sony Electronics. (Defendant's Reply at 11.) QPE's only business is manufacturing phones for Qualcomm and Qualcomm's liability in

based in San Diego that manufactures phones for Qualcomm has no offices, facilities or employees in Virginia and transacts no business in Virginia.[3] (Motion to Transfer Venue at 2.) San Diego, California, is thus unquestionably the center of production of the cellular phones, and the hub of activity in the instant action.

By contrast, Plaintiff has identified no witnesses in this district who appear to have testimony that is either relevant or unique enough to warrant venue in this district. For instance, GTE intends to have authorized Qualcomm service providers testify. (Plaintiff's Response at 6.) These service providers, according to GTE, supply the allegedly infringing handsets to customers in Virginia. Qualcomm service providers can be found nationwide, not only in this district. Further, only limited sales activity occurred in this district, and the evidence indicates that the alleged patent infringing action could have occurred in any market—including San Diego—where Plaintiff has service providers with phones that compete with those of Defendant Qualcomm. The distribution and sale of alleged infringing phones in this district is not a circumstance unique to Virginia. Thus any deference that could be afforded to Plaintiff's choice of forum is clearly outweighed by other factors of convenience to the parties and the fact that San Diego, California, is the center of gravity in this patent infringement action.

C. The interests of justice

GTE argues that the interests of justice would be better served if this action were to remain in the Eastern District of Virginia because the action would likely proceed to trial faster here than it would in the Southern District of California. (Plaintiff's Response at 14.) Docket conditions, although relevant, are a minor consideration when all other reasonable and logical fac-

tors would result in a transfer of venue. If the rule were otherwise, every company with a national market and a patent infringement claim would be entitled to venue in this District. The result would be untenable and thus this can never be the rule.

### III. CONCLUSION

For the reasons stated, Qualcomm's motion is GRANTED.

Let the Clerk send a copy of the Memorandum Opinion to all counsel of record.

It is SO ORDERED.

this patent infringement action will likely directly impact QPE's operations.

**3.** Defendant raised the issue of this Court's inability to assert compulsory process over

QPE as a factor in transfer of venue. Although it is a factor, it is not one upon which the Court relies.