**ACTERNA, L.L.C., Plaintiff,**

v.

**ADTECH, INC., Defendant.**

**No. Civ.A. 2:00CV859.**

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 2, 2001.

Mark W. Wasserman, Reed, Smith, Hazel & Thomas, LLP, Falls Church, VA, Eugene Ledonne, Stephen Chin, Reed, Smith, LLP, New York City, for Plaintiff.

Robert William McFarland,McGuire Woods, LLP, Norfolk, VA, Andrew Anthony Protogyrou,Protogyrou & Rigney, Norfolk, VA, for Defendant.

## MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

This matter is before the Court on Adtech, Inc.'s ("Defendant") motion to transfer venue to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. § 1404(a). Acterna ("Plaintiff") has filed a motion to transfer the matter back to the Alexandria Division of this Court. For the reasons stated herein, the Court **GRANTS** Defendant's motion and Plaintiff's motion is **MOOT.**

## I. FACTUAL AND PROCEDURAL HISTORY

Acterna ("Plaintiff") filed this patent infringement suit on November 17, 2000, alleging that Defendant is infringing its U.S. Letters Patent No. 5,699,346 ("the '346 patent") and 5,761,191 ("the '191 patent") by making, using, offering to sell and/or selling a product known as the AX/4000 Broad Band Test System. *See* Complaint, ¶ 11.

Plaintiff is a Delaware corporation with its principal place of business in Gaithersburg, Maryland. *See* Acterna's Opposition to Adtech's Motion to Transfer, Tab 4, Dec. of Florenzo, ¶ 5. Defendant is a Hawaii corporation with its principal place of business in Honolulu, Hawaii. *See* Answer, ¶ 2. Both firms manufacture and sell asynchronous transfer mode (ATM) technology.

Defendant seeks to transfer this case to the United States District Court for the District of Hawaii. On December 29, 2000, one month after Plaintiff filed its suit in the United States District Court for the Eastern District of Virginia, Defendant filed a suit seeking a declaratory judgment of non-infringement regarding the '346 and '191 patents. Upon Plaintiff's motion, on January 25, 2001 the District of Hawaii stayed further proceedings pending this Court's resolution of Defendant's instant motion to transfer venue. Neither party contests personal jurisdiction or that venue could lie in the Eastern District of Virginia. In addition, neither Plaintiff nor Defendant contests that the patent infringement action is one that Plaintiff might have filed in the District of Hawaii.

## II. LEGAL STANDARD

■ "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, when considering a motion to transfer venue, the Court must consider the plaintiff's choice of venue; the convenience of the parties and witnesses; and the interest of justice. *See GTE Wireless v. Qualcomm, Inc.,* 71 F.Supp.2d 517, 519 (E.D.Va.1999). Because the plaintiff's choice of forum is typically entitled to substantial deference, it is the movant's burden to establish that transfer is proper in view of these considerations, *see Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000), and Congress has committed any decision to transfer to the district court's discretion. *See In re Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir. 1984).

## III. DISCUSSION

### A. Plaintiff's choice of forum

■ Plaintiff claims that the Eastern District of Virginia was a logical choice of forum because (1) Adtech infringes substantially in Virginia; (2) the location of the inventor-witnesses; (3) the location of attorneys; (4) Acterna has multiple offices in Virginia; (5) Adtech has sales represen-

tatives in Virginia; and (6) the efficiency of this Court's docket. *See* Acterna's Opposition to Adtech's Motion to Transfer, at 13. Here, the operative facts of the action have no material connection with the Eastern District of Virginia.

Generally, a plaintiff's choice of forum is entitled to substantial weight. *See Hester Indus., Inc. v. Stein, Inc.*, 40 U .S.P.Q.2d 1844, 1846 (E.D.Va.1996) (citing *Bd. of Trustees v. Baylor Heating and Air Conditioning*, 702 F.Supp. 1253, 1256 (E.D.Va. 1988)). But the weight accorded a plaintiff's choice "varies in proportion to the connection between the forum and the cause of action. Thus, a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D.Va.1999); *Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1551 (S.D.N.Y.1986) (plaintiff's choice of forum is given less weight when the operative facts have no material connection with the chosen forum).

Federal courts are not solicitous of plaintiff's claiming "substantial weight" for their forum choice where the connection with the forum is limited to sales activity without more. The *GTE Wireless* court found that a plaintiff's and a defendant's substantial retail business in the chosen forum did not support a plaintiff's claim that the Eastern District of Virginia was the 'home forum' requiring substantial weight. *See GTE Wireless*, 71 F.Supp.2d at 519. Similarly in *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, the sale of small percentages of all allegedly infringing products did not create a connection sufficient to justify according a plaintiff's choice of its 'home forum' substantial weight. 119 F.Supp.2d 433, 439 (S.D.N.Y.2000); *see also Amersham Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998) (finding 3.7% of sales of alleging infringing products was inadequate to justify calling the judicial district the home forum).

In this case, Plaintiff's choice of forum is not entitled to substantial weight because the Eastern District of Virginia is not Plaintiff's home forum but a foreign forum.[1] While Plaintiff maintains a National Sales Office and other offices in Northern Virginia, it is uncontested that Plaintiff's principal place of business is in Maryland, that it is a Delaware corporation, and that it is neither registered within Virginia as a foreign limited liability company as required by Virginia law[2] nor does it have a Virginia registered agent.[3] As for commercial presence, the Court discounts Defendant's sales volume in Virginia as a basis for claiming Virginia the home forum because Defendant's sales are not unique

---

1. Plaintiff could have filed its complaint in its home forum of the District of Maryland. Instead, Plaintiff has sought to avail itself of the Eastern District of Virginia's "rocket docket" scheduling. At the eleventh hour, Plaintiff has filed an additional pleading, Acterna's Reply in Further Support of Motion to Transfer to Alexandria Division, suggesting its new willingness to proceed in the District of Maryland. Because Plaintiff has belatedly raised this issue without giving Defendant an opportunity to respond, the Court will not address the propriety of transfer to the District of Maryland.

2. *See* Va.Code Ann. § 13.1–1052 (Michie 1999) (requiring foreign limited liability companies to register with the State Corporation Commission of Virginia). During the hearing on the motion, counsel for Plaintiff argued that *Gross v. Weingarten*, 217 F.3d 208, 220–

21 (4th Cir.2000), prevented the Court from considering as evidence of the home forum Plaintiff's failure to register as a foreign corporation under Virginia law. *Gross* instructed that "in determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to the acts of states which have no power to enlarge or contract the federal jurisdiction." *Id. Gross* is inapposite to the instant case. Here, this Court is simply considering Plaintiff's failure to register as probative of its attenuated ties with the forum, not as denying or enlarging this Court's jurisdiction.

3. Defendant contends that because one of its wholly-owned subsidiaries, Telepath Instruments, Inc., is properly registered, Virginia is the home forum. This contention is without merit, however, as Telepath is not the party to this suit.

to Virginia. In fact, Defendant's sales in Virginia constitute a small percentage of its sales globally. *See* Rebuttal Mem. in Support of Adtech, Inc. Motion to Transfer Venue, Ex. B, Aff. of Tareq Hoque, ¶ 11 (only 6.7% of Defendant's total sales in fiscal year 1999 occurred in Virginia). Finally, location of counsel for the litigant is not entitled to deference in a determination whether the Court should transfer venue. *See Cognitronics Imaging Sys.,* 83 F.Supp.2d at 698 ("convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue"). Accordingly, the Court gives Plaintiff's choice of forum very slight weight.

### B. Convenience of the parties, witnesses, and the preferred forum in patent cases

A federal court considering a motion to transfer venue must weigh the venue's convenience to the parties and the witnesses. In patent infringement suits, "[a]s a general rule, the preferred forum is that which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1187–88 (N.D.Ill. 1983). The center of accused activity will most often be where the offending device is produced. "[T]he trier of fact ought to be as close as possible to the milieu of the infringing device *and the hub of activity centered around its production."* *GTE Wireless,* 71 F.Supp.2d at 519 (quoting *AMP Inc. v. Burndy of Midwest, Inc.,* 340 F.Supp. 21, 24–25 (N.D.Ill.1971)) (emphasis added); *see also LG Electronics, Inc. v. Asustek Computers,* 126 F.Supp.2d 414, 423 (E.D.Va.2000) (favoring transfer of venue to the Northern District of California where a defendant assembled computers with infringing parts over venue in Eastern District of Virginia where retail activity occurred).

In this case, the District of Hawaii is the appropriate venue for this infringement action as Hawaii is the center of the allegedly infringing activity. The central issues concerning the alleged patent infringement surround the AX/4000 Broad Band Test System designed and produced in Hawaii. Defendant is incorporated, headquartered, and has its principal place of business in Hawaii, see Rebuttal Mem. in Support of Adtech, Inc. Motion to Transfer Venue, Ex. B, Aff. of Tareq Hoque, ¶ 2; 70% of Defendant's manufacturing is conducted in Hawaii, *see id.,* ¶ 5; the key defense witnesses for the alleged infringement (the development, production, marketing, and sales of the product), Carl Uyehara, Craig Fujikami, Ellary Kim, Derek Terawaki, and Mike Gouveia, all live and work in Honolulu, Hawaii, *see id.,* Ex. C, D, F, and G; and the access to proof relating to the action (the primary manufacturing site, design records, other design engineers) is in Hawaii, *see id.,* Ex. B, Aff. of Tareq Hoque, ¶ 3–5. Conversely, Defendant has no offices in Virginia, no mailing addresses, no bank accounts, no telephone listings, no officers, no employees, no directors or sales representatives. *See id.,* ¶ 7–11.

On the other hand, Plaintiff notes that one inventor of its patents, Cole Vandervort, lives in Maryland, and the other inventor, Elias Fahel, resides in Virginia. Neither inventor is presently Plaintiff's employee, *see* Acterna's Opposition to Adtech's Motion to Transfer, Tab 5, Dec. of Debbie Hines, ¶ 4, and Plaintiff contends that locating the action in Hawaii will place these nonparty witnesses beyond the reach of the court's subpoena power. Plaintiff, however, has not sufficiently explained why *de bene esse* depositions of nonparty witnesses outside the subpoena power would be inadequate during a *Markman* hearing or the trial and why Plaintiff would need their live testimony. Most civil trials feature some deposition testimony and this suit is not extraordinary in this regard. Defendant has established that convenience favors Defendant's motion to transfer to the District of Hawaii.

### C. The interest of justice

Finally, § 1404(a) requires a court to consider the "interest of justice," an analysis encompassing those factors unrelated

to witness and party convenience. This "interest of justice" includes circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Bd. of Trustees v. Baylor Heating and Air Conditioning,* 702 F.Supp. 1253, 1260 (E.D.Va.1988).[4]

Defendant has filed a related lawsuit in the District of Hawaii seeking a declaratory judgment of non-infringement. Typically, there is a great interest in not duplicating litigation occurring elsewhere. But because Defendant filed its lawsuit only after Plaintiff filed this action, the Court declines to give great weight to Defendant's related litigation. To do so would encourage binary lawsuits in different judicial districts, with an infringement action filed by a plaintiff and a declaratory judgment of non-infringement filed by a defendant, all in an effort to tip the scale in favor of venue transfer. To dissuade this behavior, the Court concludes this factor does not favor any party.

No issue regarding this Court's familiarity with the relevant law is applicable in this case. This matter does not involve a federal diversity suit dealing with Virginia law issues. Instead the cause of action arises under federal law and affects a federal patent right. This Court is no better or worse equipped than any other U.S. district court. *See Recoton Corp. v. Allsop, Inc.,* 999 F.Supp. 574, 578 (S.D.N.Y. 1998) ("Since patent law is federal law, any district court may handle a patent case with equal skill."). Again, this factor does not favor any particular party under the § 1404(a) analysis.

Plaintiff cites docket conditions as an interest of justice favoring resolution in this judicial district. In particular, Plaintiff notes the relatively rapid average median time to trial in the Eastern District of Virginia. Plaintiff argues it needs this rapid resolution because it seeks injunctive relief against continuing infringement. Plaintiff, however, overlooks preliminary injunction as an interim alternative to final resolution. For this District, "[d]ocket conditions, although relevant, are a minor consideration when all other reasonable and logical factors would result in a transfer of venue. If the rule were otherwise, every company with a national market and a patent infringement claim would be entitled to venue in this District. The result would be untenable and thus this can never be the rule." *GTE Wireless,* 71 F.Supp.2d at 520. This factor does not favor Plaintiff.

Beyond the parties' convenience in accessing proof related to the action, the access to premises which a finder of fact might have to view is also a significant factor favoring Defendant. As previously stated, that location is Honolulu, Hawaii. Accordingly, the Court weighs this factor in favor of Defendant. Because all other factors are neutral with respect to transfer, the access to proof factor tips the "interest of justice" analysis in favor of Defendant's motion to transfer.

Because Plaintiff's choice of a foreign forum receives little weight in this case and both convenience and the interest of justice favor transfer, the Court concludes transfer of venue to the District of Hawaii is most appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Adtech, Inc.'s Motion to Transfer Venue and **TRANSFERS** this case to the U.S. District Court for the District of Hawaii for all further proceedings. Accordingly, Acterna's Motion to Transfer to Alexandria Division is **MOOT.**

The Court **DIRECTS** the Clerk of the Court to send copies of this Memorandum Opinion and Order to counsel of record

---

4. Because neither party raised an issue regarding its ability or inability to join additional parties or harassment, the Court does not address it.

and to forward the entire case file to the U.S. District Court for the District of Hawaii.

IT IS SO ORDERED.