GENERAL CREATION LLC,
et al., Plaintiffs,

v.

LEAPFROG ENTERPRISES,
INC., Defendant.

No. 1:02CV00001.

United States District Court,
W.D. Virginia,
Abingdon Division.

April 3, 2002.

Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, Virginia, Dabney J. Carr, IV, Troutman Sanders LLP, Richmond, Virginia and Darrell L. Olson, Brenton R. Babcock, and Christy L. Green, Knobbe, Martens, Olson & Bear, LLP, Newport Beach, California, for Plaintiffs.

Howard C. McElroy, Bundy McElroy Hodges, Abingdon, Virginia, and K.T. Cherian, Robert A. McFarlane, and Kathleen A. Weaver, Townsend and Townsend and Crew LLP, San Francisco, California, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

In this patent infringement case, the defendant, LeapFrog Enterprises, Inc. ("LeapFrog"), joined in its co-defendant's[1] motion to transfer venue pursuant to 28 U.S.C.A. § 1404(a) (West 1993). It has admitted that jurisdiction and venue are proper in the Western District of Virginia; however, it argues that the most convenient forum is the Northern District of California, where LeapFrog's principal place of business is located. The court heard argument on March 29, 2002, at the conclusion of which I denied the defendant's motion because the defendant had failed to overcome its burden of showing that transfer is proper. The reasons for my decision are more fully explained herein.

### I

In their First Amended Complaint, the plaintiffs, General Creation LLC ("GCLLC") and General Creation International Limited ("GCIL"), allege that the defendant's reading toy known as the "LeapPad" embodies the patented technology used in the plaintiffs' reading toy products. GCIL is the owner of the United States Patent No. 5,795,213 ("the '213 patent") entitled "Reading Toy." It is a Hong Kong corporation with a principal place of business in Hong Kong. GCLLC is the exclusive United States distributor and the worldwide management and market service provider for GCIL. GCLLC is a Tennessee limited liability company with a principal place of business in Bristol, Virginia. GCLLC represents that it has the exclusive right to enforce, defend and

prosecute the '213 patent in the United States.

■ LeapFrog is a Delaware corporation with a principal place of business in Emeryville, California, within the Northern District of California. It alleges that litigation in the Western District of Virginia would be expensive and unduly burdensome. It argues that the case has little connection to this forum, witnesses and documents relevant to the alleged infringement are located in the Northern District of California, the facts relating to the design, development, and distribution of the allegedly infringing product are centered in LeapFrog's California offices, and that a California forum would be more convenient when the parties seek discovery from China, where the LeapPad reading toys are manufactured. In response, the plaintiffs focus their argument on the fact that the Western District of Virginia is their home forum and the case has significant ties to this district.

### II

■ Transfer of venue under § 1404(a) is within the sound discretion of the district court and is permitted "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404; *see Southern Ry. Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.1956). In deciding a motion to transfer venue, the court should consider the plaintiff's choice of venue, convenience to the witnesses and parties, and the interest of justice. *See Cambata Aviation, Inc. v. Kansas City Aviation Ctr., Inc.,* No. 5:01CV00062, 2001 WL 1274426, at *4 (W.D.Va. Oct.22, 2001). Furthermore, the " 'plaintiff's choice of forum should rarely be disturbed unless the balance is strongly in favor of [the] defen-

---

[1]. The co-defendant, Knowledge Universe, L.L.C., has since been voluntarily dismissed from the case by the plaintiffs.

dant.'" *Id.* (quoting *Doe v. Connors,* 796 F.Supp. 214, 221 (W.D.Va.1992)). The movant bears the burden of showing that a transfer is proper under the circumstances. *See Cognitronics Imaging Systems, Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000).

LeapFrog asserts that the plaintiffs' choice of forum should not be afforded substantial weight in this case for two reasons: (1) because the standard is different in patent infringement cases, and (2) because the Western District of Virginia is not the home forum of the patent owner, GCIL, who is a necessary plaintiff in the case. Leapfrog relies on four cases out of the Eastern District of Virginia to support its argument that the preferred forum in patent infringement cases is the "center of the accused activity," which in this case is the Northern District of California. *LG Elecs. Inc. v. Advance Creative Computer Corp.,* 131 F.Supp.2d. 804, 814 (E.D.Va. 2001); *Acterna, L.L.C. v. Adtech, Inc.,* 129 F.Supp.2d 936, 939 (E.D.Va.2001); *GTE Wireless, Inc. v. Qualcomm, Inc.,* 71 F.Supp.2d 517, 519 (E.D.Va.1999); *see also Cognitronics,* 83 F.Supp.2d at 696–700 (E.D.Va.2000). LeapFrog contends that although the plaintiff's choice of forum is ordinarily given great weight, this factor is of significantly less importance where the chosen forum bears little connection to the patent infringement. It argues that there is very little to tie this case to the Western District of Virginia because direct sales of the allegedly infringing product to Virginia comprise an extremely small percentage of LeapFrog's nationwide business and because the majority of key evidence will come from its headquarters in California. Thus, LeapFrog asserts, the plaintiffs'

choice of forum is not controlling in this case.

▇▇▇ I believe that LeapFrog misinterprets the four cited cases. In each of those cases, the plaintiff's choice was not its home forum; rather, the plaintiff filed its patent infringement action in a foreign forum.[2] LeapFrog fails to recognize the importance of this fact. The *GTE Wireless* court explains that "a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum. When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." *GTE Wireless,* 71 F.Supp.2d at 519 (citations omitted). Therefore, the plaintiff's chosen forum is entitled to substantial weight unless (1) the plaintiff chooses a foreign forum, and (2) the chosen venue has little connection to the cause of action. *See LG Elecs.,* 131 F.Supp.2d at 814; *Acterna,* 129 F.Supp.2d at 938; *Cognitronics,* 83 F.Supp.2d at 696; *GTE Wireless,* 71 F.Supp.2d at 519. The concept of a preferred forum located at the "center of the accused activity" therefore only applies in those patent infringement cases where the plaintiff files suit in a foreign forum. In this case, the Western District of Virginia is the home forum of GCLLC and is thus entitled to considerable deference.

LeapFrog further argues that this district should not be considered a home forum because the necessary plaintiff, GCIL, is a Hong Kong corporation that is not licensed to do business in Virginia and does not have a registered agent in this state. I find, however, that the Western District of Virginia is, for all practical purposes, the equivalent of a home forum for

---

**2.** In three of the cases, it is suggested that the plaintiffs chose the Eastern District of Virginia as a foreign forum because of the expediency of its "rocket docket." *See Acterna,* 129 F.Supp.2d at 938 n. 1; *Cognitronics,* 83 F.Supp.2d at 697; *GTE Wireless,* 71 F.Supp.2d at 520.

GCIL. The company's founder, who is also the inventor of the patented reading toy, works in this district and is in possession of the documents relating to the invention. GCIL's exclusive United States distributor, GCLLC, is located here. To the extent that a foreign corporation can have a home forum within the United States,[3] I consider the Western of District of Virginia to be GCIL's home forum because of its significant ties to this venue.

The second factor, convenience of the witnesses and parties, favors neither the defendant nor the plaintiffs. LeapFrog claims that a majority of the witnesses, both for the plaintiffs and the defense, will be LeapFrog employees who reside in California. The plaintiffs reject this argument, stating that they do not expect to rely heavily on LeapFrog's employees to prove their case. They anticipate that many of their witnesses will be General Creation personnel who work in this district. With respect to other critical evidence, LeapFrog's documents may be located in California, but the majority of plaintiffs' relevant material is in this district. The fact that the allegedly infringing products are manufactured in China is irrelevant because the parties will be equally hampered in conducting discovery from China, regardless of where the case is litigated. It is clear that trying the case in the Northern District of California would merely transfer the convenience from the plaintiffs to the defendant.[4]

### III

Where as here, the plaintiff has significant ties to the chosen forum and the balance of conveniences and the interests of justice weigh equally for both parties, a motion to transfer venue under § 1404(a) should be denied. *See, e.g., Cambata Aviation*, 2001 WL 1274426 at *4; *Beam Laser Systems, Inc. v. Cox Communications, Inc.*, 117 F.Supp.2d 515, 518–19 (E.D.Va. 2000). I find that the defendant has not met its burden of showing that transfer is proper in this case, therefore I will not disturb the plaintiffs' choice of a home forum.

### IV

For the reasons set forth above, it is ORDERED that the defendant's motion to transfer venue (Doc. Nos. 7 & 8) is denied.

---

**3.** In *Ion Beam Applications S.A. v. Titan Corp.*, 156 F.Supp.2d 552 (E.D.Va.2000), the court recognized that the home forum of the primary plaintiff, a Belgium corporation with its primary place of business in Belgium, might be Illinois, where two of its wholly-owned subsidiaries and co-plaintiffs were headquartered, New Jersey, where many of its witnesses were located and its new plant was being constructed, or New York, where another of its subsidiaries was incorporated. *See id.* at 563.

**4.** LeapFrog admits that the "interest of justice" factor is neutral, favoring neither party.