**INTRANEXUS, INC. f/k/a J.R. O'PRY CONSULTING, INC., Plaintiff,**

v.

**SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES CORPORATION, Defendant.**

**No. CIV.A.2:02CV664.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 29, 2002.

Craig Lawrence Mytelka, Robert Henry Burger, Williams Mullen, Virginia Beach, VA, Christopher Alan Abel, Williams Mullen, Newport NEws, VA, for Plaintiff.

Steven R. Zahn, McGuire Woods LLP, Norfolk, VA, for Defendant.

### MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

This matter is before the Court on Siemens Medical Solutions Health Services Corporation's ("Defendant") motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). IntraNexus, Inc. f/k/a J.R. Opry Consulting, Inc. ("Plaintiff") has filed a motion in opposition to Defendant's motion to transfer venue. For the reasons stated herein, Defendant's motion to transfer venue is **DENIED.**

### I. FACTUAL AND PROCEDURAL HISTORY

IntraNexus, Inc. f/k/a J.R. Opry Consulting, Inc. ("Plaintiff") filed this suit on August 20, 2002, alleging breach of contract, fraud, and tortious interference. Complaint, ¶¶ 11–41.

Plaintiff is a Virginia corporation with its principal place of business in Virginia Beach, Virginia. Complaint, ¶ 1. Plaintiff maintains offices in Oakland, California, Virginia Beach, Virginia, and Exton, Pennsylvania and also employs several employees throughout the country who work from home. Plaintiff is a full-service healthcare information system provider who currently employs 66 full time employees.[1] Defendant is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. Complaint, ¶ 2. Defendant is one of the largest suppliers of healthcare equipment in the world and has over 12,000 employees throughout the country. Defendant supports over 1500 hospitals, clinics and practices throughout the United States, including various locations in Virginia.

This action arises out of the sale of the Allegra business from Defendant to Plaintiff. The Allegra business is a software system designed to provide healthcare management services to various hospitals. In September of 2000, Defendant contacted Plaintiff regarding the potential sale of the Allegra business. O'Pry Affidavit, ¶ 7. The primary negotiations involved Plaintiff's CEO and owner, Mr. Rick O'Pry, and Mr. Bob Norton, who represented Defendant and works in Malvern, Pennsylvania. On one occasion, Mr. O'Pry, traveled to Pennsylvania to conduct due diligence regarding the potential sale. However, all other negotiations were done via phone, e-mail, or other written communication. In fact, Defendant signed the agreement in Pennsylvania and Plaintiff signed the same agreement in Virginia. The agreement provides that Pennsylvania law governs any dispute arising out of the sale of the Allegra business. Agreement, ¶ 11.6. Pursuant to the agreement, 28 of Defendant's employees went to work for Plaintiff, who then obtained, and currently maintains, office space in Pennsylvania for the purpose of operating the Allegra business. Norton Affidavit, ¶ 9. Eighty to Eighty-five percent of Plaintiff's employees around the country use the Allegra software in servicing various hospitals. All documents and records pertaining to the sale of the Allegra business are located at Plaintiff's home office in Virginia Beach.[2]

On September 23, 2002, Defendant filed a motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania. On October 4, 2002, Plaintiff filed its Motion in Opposition to Defendant's motion to transfer venue. On October 9, 2002, the Defendant filed its reply. On October 24, 2002, the Court heard oral argument on this motion. Having considered the parties' briefs and oral argument, this matter is now ripe for judicial determination.

## II. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] Thus, when considering a motion to transfer venue, the Court must

---

1. Of the 66, 18 are in Virginia Beach, 11 are in Oakland, 11 are in Exton, and the rest are scattered around the country.

2. According to the testimony of Mr. O'Pry, the significant documents pertaining to the sale of the Allegra business were shipped to his office in Virginia Beach immediately after the sale. *Contra* Norton Affidavit, ¶ 11.

3. In the present action, it is indisputable that venue would be proper in the Eastern District of Pennsylvania because Defendant has its principal place of business in Pennsylvania and is therefore subject to personal jurisdiction therein pursuant to 28 U.S.C. § 1391(c).

consider the plaintiff's choice of venue, the convenience of the parties and witnesses, and the interest of justice. *GTE Wireless v. Qualcomm, Inc.,* 71 F.Supp.2d 517, 519 (E.D.Va.1999). Because the plaintiff's choice of forum is typically entitled to substantial deference, it is the movant's burden to establish that transfer is proper in view of these considerations, *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000), and Congress has committed any decision to transfer to the district court's discretion. *In re Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir.1984).

## III. ANALYSIS

In examining a motion to transfer venue pursuant to § 1404(a), the Court must consider the following factors: (1) Plaintiff's choice of forum; (2) ease of access to sources of proof; (3) the convenience of parties and witnesses; (4) the cost of obtaining the attendance of witnesses; (5) the availability of compulsory process; (6) the interest in having local controversies decided at home; (7) in diversity cases, the court's familiarity with the applicable law; and (8) the interest of justice. *Verizon Online Servs. v. Ralsky,* 203 F.Supp.2d 601, 623 (E.D.Va.2002); *BHP Int'l. Inv., Inc. v. OnLine Exch., Inc., et. al.,* 105 F.Supp.2d 493, 498 (E.D.Va.2000); *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 592 (E.D.Va.1992). Applying these factors to the present case, the balance weighs in favor of retaining venue in the Eastern District of Virginia.

### A. Plaintiffs' Choice of Forum

Generally, a plaintiff's choice of forum is entitled to substantial weight. *Acterna v. Adtech,* 129 F.Supp.2d 936, 938 (E.D.Va. 2001); *Hester Indus., Inc. v. Stein, Inc.,* 40 U.S.P.Q.2d 1844, 1846 (E.D.Va.1996) (citing *Board of Trustees v. Baylor Heating &*

*Air Conditioning,* 702 F.Supp. 1253, 1256 (E.D.Va.1988)). But the weight accorded a plaintiff's choice "varies in proportion to the connection between the forum and the cause of action. Thus, a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum." *Acterna,* 129 F.Supp.2d at 939 (quoting *GTE Wireless, Inc.,* 71 F.Supp.2d at 519). However, the plaintiff's chosen venue is not given such substantial weight when it brings the action in a foreign forum, and the cause of action "bears little or no relation to that forum." *Verosol,* 806 F.Supp. at 592; *GTE Wireless, Inc.* At 519; *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1551 (S.D.N.Y.1986) (holding that plaintiff's choice of forum is given less weight when the operative facts have no material connection with the chosen forum).

Plaintiff relies on "the usual deference accorded a plaintiff's chosen forum" in resisting Defendant's motion to transfer. *Verosol,* 806 F.Supp. at 593. In addition, Plaintiff asserts that the Eastern District of Virginia is an appropriate choice of forum because its principle place of business is located here. Therefore, Plaintiff has brought suit in its home forum, which strongly favors retaining venue in this Court. *Acterna,* 129 F.Supp.2d at 939. Plaintiff's Vice President of Finance, Chief Financial Officer and Accountant, all of whom may be relevant witnesses at trial, are located in Eastern District of Virginia. Moreover, Plaintiff's largest employee base is in Virginia Beach, and many of those employees help operate the Allegra business. From Plaintiff's end, all of the negotiations for the deal (with the exception of one isolated trip to Pennsylvania), as well as the signing of the agreement, occurred in Virginia. Therefore, the Court finds that the ties of this Plaintiff are sufficient to support the Eastern District of Virginia as the appropriate forum for this case, and the Court cannot disturb

Plaintiff's choice of forum "unless the balance of the hardships clearly favors transfer." *Nossen v. Hoy*, 750 F.Supp. 740, 742 (E.D.Va.1990).

## B. Ease of Access to Sources of Proof

This factor favors Plaintiff. The significant documents pertaining to the sale of the Allegra business are in Virginia, at Plaintiff's Virginia beach office. Plaintiff contends that it would be inconvenient to transport these documents to Pennsylvania for purposes of litigating this case. While the Court recognizes that Defendant may wish to present documentary evidence located at its offices in Pennsylvania, most of the relevant documents are already in Virginia. Therefore, the Court finds that this factor weighs in favor of retaining venue.

## C. The convenience of parties and witnesses, cost and compulsory process

With regard to the convenience of parties and witnesses and compulsory process, Defendant asserts that all of the Siemens Medical employees involved in the sale of the Allegra business are in Pennsylvania. Defendant's Reply in Support, p. 2. Moreover, Defendant also asserts that many witnesses are located closer to Pennsylvania than to Virginia, and out-of-state witnesses will find it easier to travel to the Philadelphia airport than to the Norfolk airport, which services less frequent routes and significantly smaller aircraft. *Id.* Finally, Defendant states that of the non-party witnesses, at least some are subject to compulsory process in Pennsylvania while no non-party witnesses are subject to compulsory process in Virginia.[4] De-

fendant's Memorandum in Support, p. 6. In contrast, Plaintiff asserts that because it is a small business owned and operated by a single individual, Mr. O'Pry, requiring him to travel to Pennsylvania would constitute a burden both financially and through business disruption. Plaintiff's Memorandum in Opposition, p. 8. Plaintiff also claims that because Defendant is a large, billion dollar company, with considerable resources, it should bear the burden and expense of travel. In fact, Plaintiff asserts that a number of relevant witnesses are already here in Virginia Beach while the rest are all over the country.

The Court concludes that these factors do not favor either forum. Whether Mr. O'Pry appears in this forum or in Pennsylvania, his presence in any court makes disruption of business an inevitable occurrence. Moreover, the Court find that none of the cases cited by Plaintiff lend support to the proposition that travel to Pennsylvania constitutes a burden. In each of those cases, the proximity of the forums involved was far greater than in this case.[5] In the instant case, travel to the Eastern District of Pennsylvania is hardly a great distance. In fact, Plaintiff even admits that "the Eastern District of Virginia and the Eastern District of Pennsylvania are not that far apart at all." Plaintiff's Memorandum in Opposition, p. 9. The fact that Plaintiff will be forced to spend money to send several of its witnesses to Pennsylvania does not outweigh the fact that Defendant will bear the same burden if venue is retained in Virginia. Moreover, while the Court recognizes that Norfolk does not have a hub airport, it certainly services

---

4. Of the 19 hospital clients with whom Plaintiff has alleged a dispute related to the sale of the Allegra business, 4 are in Pennsylvania, while the others are scattered throughout various states.

5. *See Raymond E. Danto, Assoc., Inc. v. Arthur D. Little, Inc.*, 316 F.Supp. 1350 (E.D.Mich. 1970) (Transfer sought from Michigan to Massachusetts); *Lanier Business Products v. Graymar Co.*, 355 F.Supp. 524, 527–28 (D.Md. 1973) (Transfer sought from Baltimore to Atlanta).

enough routes and flights for any relevant witnesses to travel here.[6] A mere shifting of the burden neither weighs in favor of retaining nor of transferring venue. *Verizon Online*, 203 F.Supp.2d at 624. Therefore, the convenience of the parties and witnesses does not assist the Court in its analysis and "is not a sufficient justification for a change of venue." *Id.; See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir.1992).

## D. The interest in having local controversies decided at home

The Court finds that this controversy is not local in nature. The Court does recognize that Plaintiff maintains its principle place of business in Virginia Beach. The negotiations and sale of the Allegra business occurred in both Pennsylvania as well as Virginia. However, none of the acts alleged in the complaint occurred in Virginia. In fact, neither the tortious conduct nor the breach of contract took place in Virginia, and Pennsylvania not Virginia law, controls this controversy. The Court finds that Pennsylvania courts have a strong interest in having local controversies decided at home. *See BHP Int'l. Inv., Inc.*, 105 F.Supp.2d at 499. Therefore, although Virginia has some interest in this case, this factor weighs in favor of its transfer.

## E. The court's familiarity with the applicable law and the interest of justice

Finally, § 1404(a) requires a court to consider its familiarity with the applicable law. Pursuant to the agreement, this controversy is governed by Pennsylvania law. When a significant question of state law exists, the interest in having that conflict resolved by a court already familiar with the substantive law applicable to that claim may be a consideration. *Cognitronics*, 83 F.Supp.2d at 699; *General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F.Supp. 88, 90 (E.D.Va.1992) (Although preferable to have a case involving state law issues decided by a court familiar with the substantive law applicable, "the choice of law factor is not controlling."). However, the Court finds that familiarizing itself with Pennsylvania law does not present a problem in this case. The nature of federal practice requires the Court to routinely interpret laws from jurisdictions across the nation. Accordingly, this factor does not support a transfer of venue.

In addition, the Court must weigh the interests of justice. Plaintiff argues that the interests of justice would be better served if the Court retains venue because it is part of the "rocket docket," thus the action would likely proceed to trial faster here than in the Eastern District of Pennsylvania. However, docket conditions, although relevant, are a minor consideration which must be viewed in light of other relevant factors. *See generally GTE Wireless, Inc.*, 71 F.Supp.2d at 520; *Acterna*, 129 F.Supp.2d at 940. Plaintiff established that the median time from the filing to disposition of a civil case is 9.2 months in the Eastern District of Virginia and 18.7 months in the Eastern District of Pennsylvania. Plaintiff's exhibit 1. A more speedy resolution of this case in the Eastern District of Virginia would be in the interest of justice. Therefore, this factor likewise favors retaining venue.

After considering all of the relevant factors, despite the fact that some factors favor transfer, the Court finds that Defendant has not met its burden to establish

6. The Court also notes that regular train and bus service run to and from Norfolk. In fact, the Greyhound Bus station is across the street from the court house, and a bus ride from Eastern Pennsylvania is about five hours.

that transfer is appropriate. *See Cognitronics,* 83 F.Supp.2d at 696; *see also Verizon Online,* 203 F.Supp 2d at 624 (Court retained venue because Plaintiff chose the forum, its principle place of business was located in the forum, and case had substantial connections to the forum). Therefore, the Court concludes that transfer of venue to the Eastern District of Pennsylvania is not proper.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue is **DENIED.**

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**