■ CYBERTECH COMMUNICATIONS CORPORATION, Appellant, et al., Plaintiff, v QUAD INTERNATIONAL, INC., Respondent, et al., Defendants. [691 NYS2d 460] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 7, 1999, which dismissed the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, unanimously reversed, on the law, without costs, the complaint reinstated, and the motion to dismiss denied.

Plaintiff Cybertech claims that defendant Quad breached their publisher-representative agreement, in which Cybertech was designated Quad's nonexclusive sales representative for periodicals and for advertising space in periodicals, by replacing Cybertech with defendant Stephen L. Geller, Inc. as its exclusive advertising representative. Cybertech is an Illinois corporation, Quad is a Florida corporation, and the agreement was executed outside of New York.

Cybertech's allegations are insufficient to establish jurisdiction pursuant to CPLR 301 (*see, Laufer v Ostrow*, 55 NY2d 305, 309-310; *McGowan v Smith*, 52 NY2d 268, 272). However, its showing that the parties' agreement was negotiated to a substantial degree in New York, together with its showing of Quad's additional New York business contacts, such as its annual board meetings, its sales of magazines and magazine advertising space to and by New York domiciliaries, and its New York sales through its web site, sufficiently establish jurisdiction under CPLR 302 (a) (1), our long-arm statute (*see, Bialek v Racal-Milgo, Inc.*, 545 F Supp 25, 33-35; *Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 456-

*457, cert denied sub nom. Estwing Mfg. Co. v Singer*, 382 US 905; *CutCo Indus. v Naughton*, 806 F2d 361, 365). The nature and quality of these contacts comprise a sufficient New York nexus to establish that Quad was transacting business here, and there is a connection between the business transacted and the claim asserted (*see, McGowan v Smith, supra*, at 272).

After careful review, we find sanctions unwarranted against either side. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.