OPINION OF THE COURT
Carol R. Edmead, J.
Defendant, National Center for Continuing Education, moves for an order pursuant to CPLR 3211 (a) (8) dismissing this action on the ground that the court lacks jurisdiction over the defendant because the defendant is not doing business, and did not transact business with the plaintiff, in the State of New York.
Plaintiff commenced this action to recover a fee and expenses for conducting a continuing education seminar for defendant in Dallas, Texas, in January 2001.
Joseph J. Weil, president of defendant, claims that the defendant is a not-for-profit corporation, incorporated under the laws of the State of Florida and maintains its office in Tallahassee, Florida; that defendant is a provider of continuing professional and legal education courses; that defendant does not maintain an office in New York, does not have any employees or sales agents in New York and does not have any agents who solicit business in New York; that with the exception of certain very minimal and limited contacts which are absolutely unrelated to plaintiff, defendant has no ties with New York; that the contract with plaintiff was negotiated and executed in Florida; that at plaintiffs request, prior to retaining plaintiff, he came to New York to observe plaintiff conducting a seminar for another company; that the contract terms were not discussed at that time; that plaintiff did not perform any services in New York on behalf of the defendant; and that the seminar for which plaintiff seeks reimbursement was held in Dallas, Texas.
Plaintiff claims that defendant periodically conducts seminars in New York; that defendant has a Web site which listed him as an instructor and solicited registration for seminars in New York and elsewhere; that defendant entered this state to litigate the CPLR article 78 proceeding of National Ctr. for Continuing Educ. v New York State Continuing Legal Educ. Bd. (Index No. 118648/00) in Supreme Court, New York County; that he contacted defendant in August 1999 by telephone and fax to solicit a position as seminar instructor; *798 that after a few telephone conversations, Weil expressed an interest in coming to New York to meet with him and observe him conducting a seminar; that Weil came to New York and observed him conducting a seminar for another company on September 24, 1999; that while in New York, Weil discussed contract terms with him; that Weil advised him that defendant was interested in hiring instructors based in New York to cut down on travel and hotel expenses for instructors coming from out of state; that he did work in New York in connection with his employment with defendant in that he had to audit two of defendant’s seminars, one in New York and the second in New Jersey, before being retained to conduct seminars; and that he conducted a seminar in New York for defendant on November 15 to 16, 2000.
In reply, defendant’s counsel claims that defendant’s Web site does not solicit registration for New York seminars, that in the last four years defendant conducted four seminars in New York, the last one being held in November 2000.
In order to obtain jurisdiction over defendant pursuant to CPLR 301, the defendant must be doing business in New York. The corporation must be engaged in a sufficient and continuous course of transacting business in the state so as to support a finding that the corporation is present in this state. (Laufer v Ostrow, 55 NY2d 305 [1982].) In order to support jurisdiction under this section, the activities must be such that they support a finding that the corporation is present “with a fair measure of permanence and continuity.” (Landoil Resources Corp. v Alexander & Alexander Servs., 77 NY2d 28, 34 [1990]; internal quotation marks omitted.)
In this case, it is clear that the activities conducted by defendant in this state do not support a finding that the defendant is doing business in this state to be subject to jurisdiction under CPLR 301. Defendant’s president coming into New York to meet with plaintiff, and defendant running a few seminars in New York, do not constitute the continual and systematic activity required to warrant a finding that defendant is present in New York. Thus, plaintiff cannot obtain jurisdiction over the defendant pursuant to CPLR 301.
Plaintiff next seeks to predicate jurisdiction on CPLR 302 (a) (1) which provides as follows:
“(a) * * * As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who *799 in person or through an agent:
“1. transacts any business within the state or contracts anywhere to supply goods or services in the state.”
Under this section, a single transaction of business is sufficient to confer jurisdiction, even if the defendant never entered New York, as long as the claim arises from the transaction. (Citigroup Inc. v City Holding Co., 97 F Supp 2d 549 [SD NY 2000]; Dimensional Media Assoc. v Optical Prods. Dev. Corp., 42 F Supp 2d 312 [SD NY 1999].)
CPLR 302 is a “single act statute” and one transaction in New York is sufficient to support jurisdiction, “even though the defendant never enter [ed] New York, so long as the defendant’s activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.” (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988].)
In order to obtain jurisdiction, a nexus must exist between the defendant, the claim and the state. There is no requirement that the contract be made or performed in New York. Substantial negotiation in New York leading to a contract is sufficient presence to support jurisdiction. (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443 [1965]; Lehigh Val. Indus. v Birenbaum, 527 F2d 87 [2d Cir 1975].) Contract negotiation in New York which substantially advances the negotiation process supports jurisdiction. (Berk v Theatre Arts of W. Va., 157 Misc 2d 696 [Civ Ct, NY County 1993].) Although the contract is executed outside New York, substantial negotiation coupled with other contacts are sufficient to support jurisdiction. (Cybertech Communications Corp. v Quad Intl., 262 AD2d 44 [1st Dept 1999].)
Finally, in order to support jurisdiction over a nondomiciliary there must be certain minimum contacts so that the maintenance of the action does not offend traditional notions of fair play and substantial justice. (International Shoe Co. v Washington, 326 US 310 [1945].)
“Transaction of business” means “some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.” (Hanson v Denckla, 357 US 235, 253 [1958].)
In this case, defendant has sufficient contacts with New York to find that it transacted business in New York. Defendant conducted four seminars in New York. Although plaintiff *800 initiated contact with defendant, Weil, the president of defendant, came into New York of his own volition to meet with plaintiff and audit the seminar that plaintiff was giving. Despite Weil’s claim that no business negotiations were discussed in New York, Weil did meet with plaintiff for drinks the night before the seminar. Although this court cannot make any factual findings, it is hard to believe that Weil came from Florida to meet with plaintiff and never discussed anything about the prospective employment with plaintiff. In addition, Weil’s auditing of a seminar given by plaintiff was a substantial factor in bringing about the agreement. If plaintiff’s presentation at that seminar had not been up to snuff, it is certain that defendant would have not retained plaintiff. Finally, plaintiff, after being retained by defendant, conducted a seminar in New York on behalf of the defendant.
The activities of defendant in New York qualify as “minimum contacts” and were purposeful so that retention of jurisdiction does not offend notions of fair play and substantial justice. Defendant, by its acts, has availed itself of the privilege of conducting activities in this state and is “transacting business” in this state.
Defendant claims that since plaintiff is seeking reimbursement for a seminar he conducted for defendant in Dallas, Texas, plaintiff’s claim does not arise from defendant’s acts in New York.
Defendant seeks to examine the facts in a vacuum. It attempts to defeat jurisdiction merely on the claim that the seminar which is the subject of this action was held in Dallas, Texas.
The court must look at the totality of the circumstances in determining whether plaintiff’s claim has a nexus and relationship to defendant’s transaction in this forum. Weil came into New York to meet with and audit plaintiff’s seminar. Defendant was looking for a lecturer from the New York metropolitan area. As noted above, Weil’s auditing of plaintiff’s seminar was a substantial factor in the negotiation leading to plaintiff’s retention by defendant. Thus, plaintiff’s claim arises from defendant’s acts in this state.
Accordingly, defendant’s motion to dismiss is denied.
[Portions of opinion omitted for purposes of publication.]