**AGILENT TECHNOLOGIES, INC., Plaintiff,**

v.

**MICROMUSE, INC., Defendant.**

**No. CIV.A. 2:03CV802.**

United States District Court, E.D. Virginia, Norfolk Division.

April 15, 2004.

---

Craig Thomas Merritt, Michael W. Smith, Rowland Braxton Hill, IV, Christian & Barton LLP, Richmond, VA, Edward Henry Sikorski, Gray Cary Ware & Freidenrich LLP, Sean Christy Cunningham, John Allcock, Gray Cary Ware & Freidenrich, San Diego, CA, Megan Rae Whyman Olesek, Christine Anne Kerba, William Glogow Goldman, Gray Cary Ware & Freidenrich LLP, East Palo Alto, CA, for plaintiff.

Michael Robert Katchmark, Willcox & Savage PC, Norfolk, VA, Edward Copeland, Seth Howard Ostrow, Michael Emil Shanahan, Jeffrey Paul Weingart, Eric Charles Osterberg, Peter Brown, Brown Raysman Millstein Felder, & Steiner LLP, New York City, for defendant.

## MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

This matter is before the Court on Micromuse, Inc.'s ("Defendant") motion to transfer venue to the United States District Court for the Southern District of New York or, in the alternative, to the United States District Court for the Northern District of California. For the reasons stated herein, the Court **GRANTS** Defendant's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Both the Plaintiff and the Defendant are participants in the software service management market. Plaintiff describes this market as a "fast-developing software market" that offers "soft-ware based products that monitor the health of a computer network, providing a complete picture of service quality from the perspective of a company's customers." Pl.'s Transfer Mem. at 1. As a participant in this market, Plaintiff has developed and patented service management technology, its most popular being the "Firehunter," a service management software tool that "offers service quality and performance management in real-time for wireless, wireline, switched, and packet data networks." *Id.* at 2–3. Plaintiff alleges that Defendant has infringed two of the patents related to its Firehunter product, United States Patents, Nos 6,138,122 and 6,336,138. Pl.s' Compl. ¶¶ 10, 15.

Plaintiff is a Delaware corporation with headquarters in Palo Alto, California and "significant operations" in Fort Collins Colorado. Pl.'s Compl. ¶ 1. Plaintiff also has an office in New York. Pl.'s Transfer Mem. at 14. Defendant is a Delaware corporation with headquarters in San Francisco, California and a "significant office" in New York. Pl.'s Compl ¶ 2. Def.'s Transfer Mem. at 4. Although this case has no obvious connection to the Eastern District, this Court has jurisdiction under 28 U.S.C. § § 1331 and 1338 because Plaintiff's cause of action arises under the Patent Laws of the United States.

On November 10, 2003, Plaintiff filed its Complaint in the Alexandria Division of the United States District Courts for the Eastern District of Virginia ("Eastern District"). Pursuant to this district's patent case assignment system, Plaintiff's Complaint was received in the Norfolk Division on November 17, 2003. However, on December 17, 2003, Defendant filed a motion to transfer the case to either the Southern District of New York or, in the alternative, to the Northern District of California. On January 16, 2004, Plaintiff filed its memorandum in opposition to Defendant's motion to transfer, to which Defendant replied on January 30, 2004. Accordingly, this matter has been fully briefed and is ripe for determination.

## II. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, "in considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and

witnesses justify transfer to that forum." *Koh v. Microtek Intern., Inc.,* 250 F.Supp.2d 627, 630 (E.D.Va.2003). As part of the second inquiry the court must also consider the plaintiff's choice of venue. *See GTE Wireless v. Qualcomm, Inc.,* 71 F.Supp.2d 517, 519 (E.D.Va.1999). It is, however, the movant's burden to establish that transfer is proper in view of these considerations. *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000). Furthermore, Congress has committed the decision to transfer to the district court's discretion. *See In re Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir.1984).

## III. DISCUSSION

### A. Jurisdiction of the Potential Transferee Forum

In deciding whether a transfer of venue is proper, a court must first determine that the plaintiff's claims could have been brought in the transferee forum. Here, Defendant argues that Plaintiff could have brought its claim in the Southern District of New York. Under 28 U.S.C. § 1400(b) "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "For purposes of venue ... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Accordingly, to determine whether Defendant "resides" in the Southern District of New York, the Court must determine whether New York had personal jurisdiction over Micromuse when Plaintiff filed its Complaint. *See LG Electronics Inc. v. Advance Creative Computer Corp.,* 131 F.Supp.2d 804, 810 (E.D.Va.

2001) (noting that "the tests for venue and personal jurisdiction are interchangeable for corporations.").

"[E]valuating the propriety of personal jurisdiction obtained under a state long-arm statute ... is normally a two-step process." *Ellicott Mach. Corp., Inc. v. John Holland Party Ltd.,* 995 F.2d 474, 477 (4th Cir.1993). "In the first step, we determine whether the long-arm statute authorizes the exercise of jurisdiction in the circumstances presented. If we answer that affirmatively, we consider whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards." *Id.* The Court will address both of these steps in seriatim.

■ Under New York's long arm statute, the Southern District of New York could have exercised jurisdiction over the Defendant in the case at bar. New York's long arm statute authorizes a court to exercise personal jurisdiction over a non-domiciliary who transacts business within the state. N.Y. C.P.L.R. § 302(a)(1). Under New York law, " '[t]ransaction of business' means 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.' " *Taibleson v. National Center for Continuing Educ.,* 190 Misc.2d 796, 799, 740 N.Y.S.2d 772, 776 (2002) (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). Defendant has a "significant office" in New York—thirty-four employees work in the New York office and that office is the site of the company's U.S. based software development operation. This office was already established when Plaintiff filed its Complaint. Therefore, the Court finds that Defendant was transacting business in New York when Plaintiff filed its Complaint and, accordingly, New York's long arm statute allows a fed-

eral court sitting in New York to exercise jurisdiction over the Defendant. Having answered this first step in the affirmative, the Court will proceed to analyze the propriety of the Southern District of New York as a venue under the second step of the personal jurisdiction inquiry—due process.

■ " 'The constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established 'minimum contacts' in the forum state.' " *Asahi Metal Indus. v. Superior Court of Cal.*, 480 U.S. 102, 108–09, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (plurality opinion) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Nonetheless, the Court must insure that "personal jurisdiction would comport with 'fair play and substantial justice.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *see Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir.1994) (providing factors to consider when determining whether jurisdiction comports with fair play and substantial justice). As previously mentioned, Micromuse has a "significant office" in New York. Def. Transfer Mem. at 4. Where, as here, a corporation has a place of business in a judicial district, personal jurisdiction over that defendant comports with due process. By establishing an office in New York, Defendant has clearly established minimum contact with the forum. Furthermore, jurisdiction over

defendant in New York will not offend traditional notions of fair play and substantial justice—it is not overly burdensome to the Defendant, as Micromuse's largest U.S. office is in this forum and New York has an interest in the matter, as both parties have offices in New York. Therefore, the Court concludes that Plaintiff could have brought this case in the Southern District of New York and the Court now turns to whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.[1]

### B. The Interest of Justice and Convenience of the Parties

"In determining whether to grant a motion under § 1404(a), the principal factors for district court consideration include the plaintiff's choice of forum, witness convenience and access, party convenience, and the interest of justice." *Koh*, 250 F.Supp.2d at 633 (citing *Corry v. CFM Majestic Inc.*, 16 F.Supp.2d 660, 666 (E.D.Va.1998)). The Court will address each one of these factors in turn.

### 1. Plaintiff's choice of forum

■ Plaintiff's forum of choice is clearly the Eastern District of Virginia. Generally, a plaintiff's choice of forum is entitled to substantial weight. *See Hester Indus., Inc. v. Stein, Inc.*, 40 U.S.P.Q.2d 1844, 1846 (E.D.Va.1996) (citing *Bd. of Trustees v. Baylor Heating and Air Conditioning*, 702 F.Supp. 1253, 1256 (E.D.Va.1988)). However, the weight a court will give to a plaintiff's choice "varies in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519

---

1. Plaintiff's memorandum in opposition to Defendant's motion to transfer does not dispute Defendant's argument that Plaintiffs could have brought their case in either the Southern District of New York or the Northern District of California. Because the Court finds that the Southern District of New York is an appropriate transferee forum, the Court will not discuss the propriety of a suit in the Northern District of California.

(E.D.Va.1999); *see Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1551 (S.D.N.Y.1986). The greater the connection between a plaintiff's chosen forum and the plaintiff's cause of action, the more weight a court will give to the plaintiff's choice. *Id.; see also Koh,* 250 F.Supp.2d at 633 ("[A] plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum.").

■ Here, Defendant argues that the Court should not give Plaintiff's choice of forum substantial weight because Virginia is not Plaintiff's home forum and "the operative facts of this case are divorced from Virginia." Def. Transfer Mem. at 13. Plaintiff, however, argues that this matter is connected to this forum because Defendant's primary infringing activity in the United States, sales and "offers to sell the infringing software products," occurred in or near this District. Pl.'s Transfer Mem. at 5. This is not a strong connection. As this Court noted in *Acterna v. Adtech, Inc.,* "[f]ederal courts are not solicitous of plaintiffs claiming 'substantial weight' for their forum choice where the connection with the forum is limited to sales activity without more." 129 F.Supp 2d 936, 938 (E.D.Va.2001). Here, Micromuse's sales activity is the only thing connecting Plaintiff's cause of action to this forum.[2] Plaintiff does not have one office in this district, Plaintiffs witnesses do not live or work in Virginia, and it does not appear that one material document is located in this district. Further, the product presently at the center of Plaintiff's allegations, Micromuse's SLA Manager ("SLAM"), was not created or developed in Virginia. Def. Transfer Mem. at 1. Therefore, the Court concludes that Plaintiff's choice of forum is not entitled to substantial weight.[3]

### 2. Witness and Party Convenience and Access

■ A federal court considering a motion to transfer venue must consider how convenient and accessible the venue is to

---

**2.** Plaintiff also argues that "Virginia is the home of many of Micromuse's industry, civic and marketing activities." These activities, however, are not related to the case at bar.

**3.** The preferred forum in patent infringement cases is generally "the center of the accused activity," which is often where the offending device is produced. *Acterna,* 129 F.Supp 2d at 939. Plaintiff argues that the site of Micromuse's sales activities should be considered the "preferred forum" because (1) "software can be 'produced' virtually anywhere computers are available" and (2) Defendant's production and manufacturing activities occurred outside of the United States (and therefore, even assuming that the district in which production occurred is the "preferred forum," no such forum exists in the United States). Pl.'s Transfer Mem. at 7–8.

Plaintiff's argument, however, ignores the Court's reasoning in *Acterna.* In *Acterna* the Court concluded that the "preferred forum" was the place of production because that's where "the milieu of the infringing device" was located. *Acterna,* 129 F.Supp 2d at 939 (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.,* 71 F.Supp.2d 517, 519 (E.D.Va.1999)). "It must be remembered that Congress contemplated a venue where there would be first-hand visual and audible knowledge of the conditions, the environment and the art itself, and testimony of the most competent witnesses." *AMP Inc. v. Burndy of Midwest, Inc.,* 340 F.Supp. 21 (D.C.Ill.1971). In other words, the preferred forum is the venue where the majority of the witnesses and the evidence is located. While Plaintiff has offered evidence the witnesses and evidence relevant to this case are dispersed throughout the world, Plaintiff has not offered proof that *any* relevant evidence or witness is located in Virginia. Therefore, even assuming that this district is "a substantial center" of Defendant's infringing sales and offers to sell, absent evidence that material witnesses and evidence are in this district, the Court refuses to conclude that the Eastern District of Virginia is the preferred forum.

the witnesses.[4] Defendant Micromuse identifies three witnesses most knowledgeable about its SLA Manager, the primary product at issue in this case. All three of these witnesses, Peter Secor, Chris Wareham, and Shoel Perelman, work in New York. The other witnesses likely to testify for Micromuse are located in London and California. The witnesses Plaintiff expects to testify on its behalf work in Colorado, Northern California, and Scotland. Defendant argues that it will be much easier for *all* of these witnesses to travel to the Southern District of New York than it will be for them to travel to Norfolk, Virginia. Plaintiff, however, asserts that Defendant has moved this Court to transfer this case to New York to "make[ ] the case as inconvenient as possible for Agilent and its witnesses." Yet, Plaintiff does not explain how New York is any more inconvenient than Virginia. In fact, by filing its Complaint in the Eastern District of Virginia, a place where Plaintiff does not have one relevant witness, Plaintiff has already burdened its witnesses with the hardships of traveling outside of one's home forum. Plaintiff's witnesses will have to travel if the trial is in either Virginia or New York, and there is nothing in the record to suggest that Virginia is more accessible to Plaintiff (or Defendant) than is New York.

Accordingly, Plaintiff's argument that New York is inconvenient carries little weight. Defendant, however, has offered evidence that it will be more convenient for its witnesses if the Court transfers this case to the Southern District of New York. Furthermore, the Court finds convincing Defendant's argument that the Southern District of New York is more accessible to all of the witnesses likely to testify. Therefore, in balancing the convenience of this venue for witnesses against the convenience of litigation in the Southern District of New York, the scale tips towards transferring this matter to the Southern District of New York.

For similar reasons, the Court concludes that the convenience of the parties favors transferring this matter to the Southern District of New York.[5] Defendant's New York office is its "largest U.S. based software development operation" and the documents generated by New York's software engineers are maintained in that office, as is Micromuse's electronic sales data. In contrast, it does not appear that there is one relevant document in this district. Nonetheless, Plaintiff argues that New York is inconvenient to it. Assuming that New York is, in fact, inconvenient to the Plaintiff, the Court con-

---

**4.** Plaintiff argues that "the convenience-of-witness factor 'cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony.'" In its reply, Defendant's identify three witnesses and their relationship to this litigation. Peter Secor, the Program Group Manager, has knowledge of the SLA Manager's, creation, development and product functions. Rebuttal Declaration of Frank Sole ¶ 2. Chris Wareham, Director of Product Management, has knowledge of the SLA Manager's marketing, product functions, customer applications, and revenues. *Id.* Shoel Perelman, Development Engineer, SLAM, has knowledge of the SLA Manager's software development and programming. *Id.* The Court finds these identifications sufficient for

it to consideration the convenience of the potential transferee forum to the witnesses as a factor in its determination. *See Koh*, 250 F.Supp.2d at 636–37 ("[I]t is permissible to infer, absent any contrary evidence from the non-movant, that witnesses ... involved in the design and manufacture of the accused products are material.") (citations omitted).

**5.** In making this determination, the Court has not considered which venue might be more convenient to parties counsel, as "convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue." *Cognitronics Imaging Sys.*, 83 F.Supp.2d at 698.

cludes that New York and Virginia are equally inconvenient to Plaintiff and New York is more convenient to the Defendant and therefore, convenience of the parties considerations favor transferring this matter to the Southern District of New York.[6]

## C. The interest of justice

■ Finally, § 1404(a) requires a court to consider the "interest of justice," an analysis encompassing those factors unrelated to witness and party convenience. This "interest of justice" includes circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Bd. of Trustees v. Baylor Heating and Air Conditioning*, 702 F.Supp. 1253, 1260 (E.D.Va.1988).

■ Both parties concede that many of these factors are not relevant in the case at bar. There is no pending action in any district. Because this cases arises under federal patent law, the court's familiarity with the applicable law is not at issue, as this Court is no better or worse equipped to handle this subject matter than any other United States district court. *Acterna*, 129 F.Supp 2d at 940. Plaintiff's memorandum does not dispute Defendant's conclusion that "[i]t seems unlikely that

physical structures will need to be viewed in this case." Similarly, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment are not at issue here.[7]

The only other "interest of justice" factor which the parties address is this Court's "docket conditions." Plaintiff argues that "suit in this forum ... will effect a speedy resolution of this case because of the speed of this Court's docket." Pl.'s Transfer Mem. at 16. As courts in this district have previously explained, "[d]ocket conditions, although relevant, are a minor consideration when all other reasonable and logical factors would result in a transfer of venue." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D.Va.1999). "This Court cannot stand as a willing repository for cases which have no real nexus to this district. The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner." *Cognitronics Imaging Systems, Inc. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 699 (E.D.Va.2000) (citing *Schlegel U.K. Holdings Ltd. v. Cooper Tire & Rubber Co., Inc.*, no. 970522–A, slip op. at 18 (E.D.Va. June 10, 1997)). Therefore, while this factor may slightly favor Plaintiff, it can not be the Court's sole reason for retaining jurisdiction.

6. In reaching this conclusion, the Court has accepted Plaintiff's argument that New York is inconvenient to it. The Court, however, notes its doubt that New York is as inconvenient to Plaintiff as is Virginia. Although Plaintiff has downplayed its connection to the Southern District of New York, as Defendant notes in its brief, "Agilent has two offices in the state of New York: one within the Southern District of New York in Peekskill, and one in Melville, approximately 40 miles from the Southern District of New York courthouse." Def.'s Transfer Mem. at 5 (citing Weingart Decl.).

7. Plaintiff's memorandum does imply that Defendant's filed its motion to transfer to "make[ ] the case as inconvenient as possible for Agilent and its witnesses." However, because Plaintiff has not offered any evidence that (1) this was Defendant's intent or (2) that litigating this case in New York is more inconvenient than litigating this case in the Eastern District of Virginia, the Court will treat "the possibility of harassment" as a neutral factor.

Having carefully considered whether this matter should be transferred to the Southern District of New York, this Court concludes that transfer is appropriate. There is little reason for this Court to retain jurisdiction over this matter. Plaintiff could have brought its claim in the Southern District of New York. Plaintiff's choice of forum and "interest of justice considerations" only slightly favor this Court retaining jurisdiction. In contrast, "convenience to the parties" and "convenience to the witnesses" considerations clearly favor transferring this case to the Southern District of New York. Given the facts of this case, the Southern District of New York is a much more logical and convenient venue than is this district.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Micromuse, Inc.'s Motion to Transfer Venue and **TRANSFERS** this case to the United States District Court for the Southern District of New York for all further proceedings. Accordingly, Defendant's motion to transfer this case to the Northern District of California is **MOOT**.

The Court **DIRECTS** the Clerk of the Court to send copies of this Memorandum Opinion and Order to counsel of record and to forward the entire case file to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**